# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-148-1 (CKK) |
| PRAKAZREL MICHEL (1), Defendant. | |

## MEMORANDUM OPINION
(November 6, 2019)

Pending before the Court is Defendant Prakazrel Michel's [16] Motion to File Under Seal Temporarily and for an Order for the Government to Respond. The Court previously granted this Motion in part by allowing Mr. Michel to file his motions under seal temporarily and requiring the Government to respond to Mr. Michel's Motion. Because both parties indicated that redactions may be the appropriate course, the Court indicated in its September 27, 2019 Minute Order that the parties would file under seal a Joint Status Report outlining their positions on the Government's proposed redactions.

In the October 25, 2019 Sealed [29] Joint Status Report submitted by Mr. Michel and the Government, the parties indicate their remaining disagreements regarding their proposed redactions to the pretrial briefing. Mr. Michel's position is that the names of entities or persons should only be redacted if their inclusion would suggest that they are a co-conspirator, while the Government takes a broader view that redactions should be implemented for numerous parties and entities to protect them from due process concerns, untoward attention, and undue scrutiny as well as to protect ongoing government investigations. *See* United States's Resp. to Def.'s Mot. to Seal, ECF No. 20, at 2–3; Joint Status Report at 3–4. Because this Memorandum Opinion and

accompanying Order shall be filed on the public docket, the Court does not list the exact names that the Government proposed to redact in the Joint Status Report.

"[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). This is because "[a]ccess to records serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *United States v. Hubbard*, 650 F.2d 293, 314–15 (D.C. Cir. 1980). Where, as here, "members of the taxpaying public are, in effect, real parties in interest," there is an especially vital need "for public access to judicial records." *United States v. Thomas*, 840 F. Supp. 2d 1, 3 (D.D.C. 2011) (internal quotation marks omitted) (quoting *United States ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 172 (D.D.C. 2008)).

As the Supreme Court has recognized, this decision regarding public access to court documents "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Consequently, a court must consider in each case six factors in determining whether the presumption in favor of public access should be overcome:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409.

Here, these factors weigh in favor of allowing the Government's proposed redactions to the pretrial briefing. As for the first and second factors, it is true, as Mr. Michel advances, that there is a strong need for public access in this case, which involves alleged foreign financial

2

influence in the 2012 presidential election, and where the Government is a party. *See id.* However, numerous docket entries remain sealed and similar redactions were applied to the now-unsealed Indictment that are in alignment with the Government's proposed redactions (and the protective order agreed to by the parties). *See* Indictment, ECF No. 1 (including redactions to numerous persons' and entities' names); Protective Order, ECF No. 8 (restricting disclosure of discovery material due to "confidential and law-enforcement-sensitive" nature of information); *see also* May 10, 2019 Minute Entry (noting that Court granted Government's oral motion to unseal Indictment). The strong need for public access can be substantially satisfied by making these documents publicly available with only limited information redacted.

As for the third, fourth, and fifth factors, the Government has objected to full disclosure of these identities on the basis that it might raise due process concerns, subject these persons or entities to unnecessary scrutiny and attention, and potentially disrupt ongoing government investigations, all of which are compelling reasons to enact the redactions that they propose. As the Indictment alleges that some of these persons and entities (such as the political campaign committees and financial institutions) were unaware of their role in this scheme, they have strong privacy interests in not being identified in the briefing. *See, e.g., United States v. Anderson*, 55 F. Supp. 2d 1163, 1168 (D. Kan. 1999) ("The very real stigmatization suffered by the movants from this government action far outweighs the nonexistent government interest in publicly naming them as coconspirators.").

Mr. Michel argues that these risks are diminished because the British Virgin Islands has already responded to the Government's official request under 18 U.S.C. § 3292 and because the United Arab Emirates has yet to respond to the Government's official request for an interview of Associate B. *See* Def.'s Mot. to File Under Seal Temporarily at 3–4. But this does not address

the possibility that the Government has other ongoing investigations that are unrelated to those requests, which the Government's arguments suggest may be the case, and which consequently weighs against imposing Mr. Michel's less comprehensive proposed redaction scheme. *Cf. United States v. Armstrong*, 185 F. Supp. 3d 332, 335 (E.D.N.Y. 2016) (explaining that "sentencing memoranda that implicate cooperation are often filed under seal" due to ongoing nature); *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012) (finding government's assurance that unsealing would not pose risk to ongoing investigations weighed in favor of unsealing).

Lastly, as for the sixth factor, Mr. Michel emphasized in his original Motion that the public will require access to this Court's decision on his pretrial motions. Def.'s Mot. to File Under Seal Temporarily at 5. But the Court may file a public Order and Memorandum Opinion that uses the same fictitious names for individuals and entities that were used in the Indictment and the Government's oppositions to Mr. Michel's pretrial motions, which align with the redactions that the Government now proposes. The Court plans to do so in order for the public to be able to access its decisions on these important pretrial motions. In sum, the Court finds that allowing the Government's proposed redactions to be applied to the pretrial briefing is the least restrictive method of balancing the public's need for access with the important privacy and other interests at stake.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the remainder of Mr. Michel's [16] Motion. In particular, the Court allows the pretrial briefing identified in the parties' Joint Status Report to be filed on the public docket with the Government's proposed redactions implemented. The Court assumes that the Government has implemented essentially the same proposed redactions in its oppositions to Mr. Michel's motions by using fictitious names for certain

individuals and entities, and that those oppositions can be filed on the public docket without substantial changes. The pretrial briefing shall be filed on the public docket, with the Government's proposed redactions, by **NOVEMBER 22, 2019**.

An appropriate Order accompanies this Memorandum Opinion.

Dated: November 6, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge