1        UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF COLUMBIA

2

```
* * * * * * * * * * * * * * *   )
```
3    UNITED STATES OF AMERICA,          )      Criminal Action
                                        )       No. 19-00148
4                     Plaintiff,        )
                                        )
5       vs.                             )
                                        )
6    PRAKAZREL MICHEL,                  )      Washington, D.C.
                                        )      October 6, 2021
7                     Defendant.        )      2:05 p.m.
                                        )
8    ```
* * * * * * * * * * * * * * *   )
```

9

10          TRANSCRIPT OF STATUS HEARING CONDUCTED VIA ZOOM
           BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY,
11                  UNITED STATES DISTRICT JUDGE

12

13   APPEARANCES:

14   FOR THE GOVERNMENT:      JOHN D. KELLER, ESQ.
                             SEAN F. MULRYNE, ESQ.
15                           NICOLE R. LOCKHART, ESQ.
                             UNITED STATES DEPARTMENT OF JUSTICE
16                           PUBLIC INTEGRITY SECTION
                             1400 New York Avenue, Northwest
17                           Washington, D.C. 20530

18

     FOR THE DEFENDANT:      DAVID E. KENNER, ESQ.
19                           KENNER LAW FIRM
                             16633 Ventura Boulevard
20                           Suite 1212
                             Encino, California 91436
21
                             CHARLES H. HASKELL, ESQ.
22                           LAW OFFICES OF CHARLES R. HASKELL
                             641 Indiana Avenue, Northwest
23                           Washington, D.C. 20004

24

     FOR PRETRIAL SERVICES:  JOHN COATS
25

```
1    REPORTED BY:              LISA EDWARDS, RDR, CRR
                               Official Court Reporter
2                              United States District Court for the
                                 District of Columbia
3                              333 Constitution Avenue, Northwest
                               Washington, D.C. 20001
4                              (202) 354-3269
```

1          THE COURT:  I see Mr. Michel.  Good afternoon,

2     Mr. Michel.

3          Government counsel, if you'd identify yourself,

4     please.

5          MR. KELLER:  Yes, your Honor.  This is John Keller

6     for the Government.  Nicole Lockhart and Sean Mulryne are

7     also present for the Government.

8          THE COURT:  And who do we have for Mr. Michel?

9          MR. KENNER:  David Kenner, your Honor, and Charles

10    Haskell as well.

11         MR. HASKELL:  Good afternoon, your Honor.

12         THE COURT:  If you could speak up a little bit.

13         MR. HASKELL:  Charles Haskell appearing for

14    Mr. Michel.

15         THE COURT:  So, Mr. Haskell, you're the one that

16    at least on my video is behind me.

17         Let me call the case.  United States versus

18    Michel, 19-CR-148.  We do have a superseding indictment that

19    he was arraigned on last time we were in court, which was

20    July 12th.

21         Let me start, Mr. Michel, by asking:  Are you

22    willing to proceed with the video?

23         THE DEFENDANT:  Yes.

24         THE COURT:  The Pretrial Services report indicates

25    that he's in compliance.  So where are we with discovery at

1   this point?  There's discovery with the additional

2   superseding indictment that's been provided?

3                    MR. KELLER:  Yes, your Honor.

4                    On September 13th, we provided discovery

5   production No. 7.  And that is an extremely voluminous

6   production, probably roughly a million documents.

7                    We have connected with defense counsel and

8   [indiscernible] support team, the Government's support team,

9   to ensure that they have access in a simple format.  And my

10  understanding is that they are processing the data in the

11  platform that they have access to.  They should have all

12  functionality within the next week or two.

13                   THE COURT:  All right.  Defense counsel, is that

14  correct?

15                   MR. KENNER:  Those documents are about 2,600,000

16  pages.  And it's an enormous amount of discovery.  We've met

17  with the Government, and they're going to present us with a

18  [indiscernible] to narrow the scope of the discovery.  But

19  it's very voluminous discovery, your Honor, and we're told

20  there's still additional material.

21                   THE COURT:  Have you been able to provide

22  information -- not this latest material, which you obviously

23  have just received, but the earlier material?  Has

24  Mr. Michel had an opportunity to review it?

25                   MR. KENNER:  The earlier material?  Yes, your

1   Honor.

2              THE COURT:  So that's good.

3              Do we have any idea of the direction of the case

4   at this point or do you need to finish reviewing the

5   material in order to make some decision about that?

6              MR. KENNER:  Your Honor, I do need to finish

7   reviewing the material.  And I was also told there are some

8   secret documents that require a top security clearance.  And

9   the government takes some time to do it, and I'm dealing

10  with that.  I was going to suggest to the Court January 10th

11  for a status conference.

12             THE COURT:  So if I could ask the Government, are

13  there documents that are classified?

14             MR. KELLER:  Your Honor, so there is a related

15  case file that we have recently been provided access to.

16  There was a counterintelligence investigation, a national

17  security investigation.  Most of the -- so the bottom line

18  is, yes, your Honor.  There are classified documents in that

19  file.  And we have reviewed them.  I think that some subset

20  of them may be discoverable.  That analysis is ongoing.

21  It's a relatively small number, probably less than 100

22  pages.

23             The majority of the case file is unclassified, but

24  there are some documents that may be arguably discoverable

25  that are classified at the secret level.  So we are

1    assessing, you know, potential alternatives under CIPA.

2         But yes, your Honor.  That is an issue.

3         THE COURT:  Has the defense been provided with the

4    material that's not classified?

5         MR. KELLER:  From that case file, not yet, your

6    Honor.  That was not part of the most recent production.

7    That will be in a forthcoming production.  Again, the volume

8    is -- there are 123 entries in the file.  Some have

9    attachments.  So we're talking about, unclassified, maybe

10   100 documents, something like that.

11        THE COURT:  So the idea is to have defense counsel

12   be able to review the material that you have provided now.

13   And presumably -- I mean, it seems to me we don't need to do

14   it seriatim.  As you get material, it can be provided.  You

15   should just provide that.  I realize that that leaves

16   defense counsel with a lot of material to look at, but I do

17   think it makes it easier for them to sort through it and to

18   get assistance in looking at some of this material.

19        MR. KELLER:  Correct.  Agreed, your Honor.  And

20   that has been how we have been proceeding.  The last

21   production was the vast majority of the discovery in this

22   matter.  The additional production, you know, is a much

23   smaller volume and just required additional logistics on our

24   part.  But we will get that additional unclassified

25   production out as soon as possible; I would anticipate

1    within the next couple of weeks.

2           And then we will diligently work to assess the

3    classified information and we'll proceed with a CIPA Section

4    4, if necessary, if we're not able to have the information

5    declassified or reach some other resolution.

6           THE COURT:  So I'll wait on the direction of the

7    case at this point.  I would just simply say that I know

8    that there have been some plea offers out there, which I

9    believe Defendant has rejected.  At some point before moving

10   to a trial, then, I have a template that I would have you

11   fill out that starts with the discovery issues and works all

12   the way through to a trial.

13          So at the point that you think it's appropriate,

14   let me know, and I will make that available.  And counsel

15   can propose dates so that we can do this in a very organized

16   fashion.

17          But it sounds like it's premature at this point in

18   terms of your knowing dates to be able to do things if you

19   haven't had an opportunity to review material to know

20   whether you're going to be contesting certain things.  So I

21   don't have a problem waiting, since it seems like we're

22   moving on a trial direction as opposed to a plea direction,

23   at least at this point.

24          MR. KENNER:  Yes, your Honor.

25          THE COURT:  So let me look and see what January

1    10th looks like.

2         We've been doing these in the afternoon, and I

3    think that works with the time difference.  I don't have a

4    problem doing it on the 10th if we did it in the afternoon.

5    I have a sentencing in the morning that's going to take a

6    little bit of time.  Does January 10th work, say, at 2:00

7    p.m.?

8         MR. KENNER:  Yes, your Honor, for the defense.

9         THE COURT:  How about for the Government?

10        MR. KELLER:  Yes, your Honor.

11        THE COURT:  Mr. Michel, does that work with your

12   schedule?

13        THE DEFENDANT:  I think so, your Honor.

14        THE COURT:  Are you looking at your calendar?  Am

15   I correct, Mr. Michel?

16        THE DEFENDANT:  I think the 10th should work, your

17   Honor.

18        THE COURT:  I just wanted to make sure you didn't

19   have something.  So January 10th.

20        Speedy trial at this point is December 6th of this

21   year, 2021.  So you did get new counsel, which obviously

22   requires extra time to look at things.  So are you willing

23   not to count for speedy trial purposes from today's date,

24   which is October 6th, until you come back January 10th of

25   2022, hopefully having had an opportunity to review what

1    seems to be the almost last discovery?

2                THE DEFENDANT:  Yes.

3                THE COURT:  Is that a yes?

4                THE DEFENDANT:  Yes, sir -- yes, ma'am.

5                MR. KENNER:  Counsel concurs.

6                THE COURT:  I'll find that between now, October

7    6th, and January 10th of 2022, the continuance of his speedy

8    trial rights are in the interest of justice, the community

9    and the Defendant in order to allow a further review of the

10   voluminous discovery.

11               Dorothy, anything else?

12               MR. KENNER:  Your Honor --

13               THE COURTROOM DEPUTY:  No, Judge.

14               MR. KENNER:  I have an issue I'd like to apprise

15   the Court of.

16               THE COURT:  Certainly.

17               MR. KENNER:  Mr. Michel is part of a musical group

18   called the [indiscernible], which is --

19               THE COURT:  I'm having trouble hearing you.  It's

20   a little muffled.

21               MR. KENNER:  Is that better, your Honor?

22               THE COURT:  Yes, it is.

23               MR. KENNER:  Thank you.

24               Mr. Michel is part of a musical group called the

25   Fugees, and they are scheduled to go out on tour in

1    November.  And they have dates on which to have concerts,

2    and some of them are outside of the United States.  I want

3    to put in the [indiscernible] for modification of his

4    release conditions.  And I'd ask or inquire of the Court to

5    have that motion heard.

6            THE COURT:  Where outside of the United States is

7    it?

8            MR. KENNER:  Mr. Michel?

9            THE DEFENDANT:  I think it was Paris and London.

10           THE COURT:  I think what I would suggest doing is

11   filing it now, so we find out what Pretrial and the

12   Government's position is, which sets out where he's going to

13   be and then I can make a decision.  I can find out from the

14   Government what their position is.

15           Have you discussed it with the Government at this

16   point?

17           MR. KENNER:  Yes, I have, your Honor.  And we are

18   attempting to resolve it with a joint request to the Court.

19   We'll be sure to note [indiscernible].  But yes, your Honor.

20   We're in discussions about it.

21           THE COURT:  So since he hasn't filed it -- but is

22   the Government having discussions to say whether this is

23   acceptable as an exception to the conditions that have been

24   set?

25           MR. KELLER:  Yes, your Honor.  We are exploring

1   whether there are any possible accommodations that might

2   address the Government's concern about the possibility of

3   flight and might mitigate that risk.  So we will continue

4   those discussions with defense counsel and with our law

5   enforcement partners and hopefully be able to lay those

6   positions out clearly in the motion response.

7           THE COURT:  When does he start his tour?

8           MR. KENNER:  What is the first date, Mr. Michel?

9           THE DEFENDANT:  This will be in December.

10          THE COURT:  Oh, it's now November.  December?

11          MR. KENNER:  No.  There are dates in November.

12          THE DEFENDANT:  Yeah.  But December is --

13          MR. KENNER:  The December dates are out of the

14  country.  There are earlier touring dates in the United

15  States which start in early November.

16          THE COURT:  What dates -- in terms of the United

17  States, Mr. Michel, if you could tell me.  In November, what

18  dates do they cover?

19          THE DEFENDANT:  November 10th.

20          MR. KENNER:  Your Honor, I --

21          THE COURT:  November 10th to when?

22          THE DEFENDANT:  To -- the ending date is in

23  December and then it continues next year.

24          THE COURT:  So when is it that you would be --

25  that you want to go to Paris and London?  Roughly what dates

1    are we talking about?

2         THE DEFENDANT:  Sometime in December, early

3    December.

4         MR. KENNER:  It's December 4th, your Honor, for

5    Paris; it's December 6th for London; and there is a

6    possibility of a date in Nigeria that has not been scheduled

7    and there is a possibility of a date in Holland.

8         THE COURT:  Obviously, you need to speed up your

9    discussions.  If it's November 10th that he wants to go,

10   you'll need a court order before that.  So make sure that --

11   obviously, I don't want you filing it prematurely before you

12   know what the Government's position is, because it'll make

13   it easier if there's a consent or at least an order that

14   adds some additional safeguards, if that's what they want.

15        MR. KENNER:  Your Honor --

16        THE COURT:  And I can make a decision.

17        MR. KENNER:  It's my intention to file it in the

18   early part of next week, your Honor.  And hopefully it will

19   be a joint position.  If not, it'll be a motion and the

20   Government can file what they think is appropriate.

21        THE COURT:  Okay.  One thing you may want to do is

22   check in advance before he makes commitments for tours, just

23   in case it doesn't get authorized.  We'll look at these

24   things.  But later in next year, we should see how this

25   works.  That's just a suggestion.

```
1              MR. KENNER:  I appreciate the suggestion, your
2        Honor.
3              THE COURT:  Anything else from defense counsel?
4              MR. KENNER:  No, your Honor.
5              THE COURT:  Government, anything else from you?
6              MR. KELLER:  No, your Honor.
7              THE COURT:  Then we'll reconvene on January 10th,
8        2022, at 2:00 p.m. for another status hearing.
9              Are you willing to do it by video, Mr. Michel?
10             THE DEFENDANT:  Yes, your Honor.
11             THE COURT:  And I'll await whatever you file
12       relating to a request for exceptions --
13             MR. KENNER:  Thank you, Judge.
14             THE COURT:  -- to the present order.
15             If there's nothing else, then let me excuse you.
16       Everybody take care and be safe.
17             MR. KENNER:  Thank you.  You, too, your Honor.
18             THE COURT:  One question, Mr. Kenner -- oh,
19       Mr. Michel left.  I was going to say, we've gotten off and
20       could have left you talking to your client on Zoom if you
21       wanted to.  But he seems to have gone.
22             MR. KENNER:  Yes.
23             THE COURT:  So I'll excuse all of you unless you
24       can get him back quickly.
25             MR. KENNER:  If you want me to, I will do that.
```

```
 1                    THE COURT:  I just thought as an accommodation

 2       since people are in different places.  I'm assuming you're

 3       actually in the same state, though, as he is, aren't you?

 4                    MR. KENNER:  Actually, right now I'm in D.C., your

 5       Honor.

 6                    THE COURT:  That's right.  You do have an event

 7       here.

 8                    MR. KENNER:  Yes.

 9                    THE COURT:  Then let me excuse you all.  Take

10       care.

11                    MR. KENNER:  Thank you.

12                    MR. HASKELL:  Bye, your Honor.

13                    (Proceedings concluded.)

14

15

16

17

18

19

20

21

22

23

24

25
```

1                        __CERTIFICATE__

2

3                    I, LISA EDWARDS, RDR, CRR, do hereby

4      certify that the foregoing constitutes a true and accurate

5      transcript of my stenographic notes, and is a full, true,

6      and complete transcript of the proceedings produced to the

7      best of my ability.

8                    Please note:  This hearing occurred

9      during the COVID-19 pandemic and is therefore subject to the

10     technological limitations of reporting remotely.

11

12                   Dated this 22nd day of April, 2022.

13

14               /s/ Lisa Edwards, RDR, CRR
                 Official Court Reporter
15               United States District Court for the
                   District of Columbia
16               333 Constitution Avenue, Northwest
                 Washington, D.C. 20001
17               (202) 354-3269

18

19

20

21

22

23

24

25