**KENNER LAW FIRM**
**DAVID KENNER, SBN 41425**
**16633 VENTURA BLVD., STE. 735**
**ENCINO, CA  91436**
**PHONE: (818) 995-1195**
**FAX: (818) 475-5369**
**EMAIL: DAVID@KENNERLAW.COM**

**ATTORNEY FOR DEFENDANT**
**PRAKAZREL MICHEL**

**ORAL ARGUMENT REQUESTED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiffs,<br><br>vs.<br><br>PRAKAZREL MICHEL, *ET AL.*<br><br>           Defendants. | Case No.: 19-148-1 (CKK)<br><br>**DEFENDANT MICHEL'S NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[FEDERAL RULE OF CRIMINAL PROCEDURE 7(f)]<br><br>Date:<br>Time:<br>Place: |

COMES NOW DEFENDANT PRAKAZREL MICHEL, by and through counsel of record, David E. Kenner, and, pursuant to Federal Rule of Criminal Procedure 7(f), moves the Honorable Court to order the Government to provide the defense with a bill of particulars.

This motion is based on these moving papers, the memorandum of points and authorities attached hereto, all the files and records in this case and any evidence or argument which the Honorable Court seeks to hear during or after the hearing on this motion.

///

DATED: July 1, 2022    Respectfully submitted,

/s/ **David Kenner**
David E. Kenner
Kenner Law Firm
16633 Ventura Blvd., Suite 735
Encino, CA 91436
(818) 995-1195
Email: david@kennerlaw.com
CA Bar No.: 41425
Counsel for Defendant

/s/ **Charles Haskell**
Charles R. Haskell
The Law Offices of Charles R. Haskell, Esq.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: Charles@CharlesHaskell.com
DC Bar No.: 888304007
Counsel for Defendant

## MOTION FOR BILL OF PARTICULARS

**INTRODUCTION**

It's not surprising that Mr. Michel seeks a significant amount of clarity on the government's latest in time charging document. For one thing, the Government's First Superseding Indictment (FSI), which tripled the counts Mr. Michel faces (first 4, now 12), isn't specific enough, as a matter of law (*See* Fed. R. Crim. Proc. 7(d)), to provide adequate notice such that Mr. Michel can be trial ready. Particularly on things like scienter and the basic, "Journalism 101" type-questions – e.g., *who*, *what*, *when*, *where*, etc. – of various clusters of facts, the FSI creates more questions than it answers.

And that dovetails with concepts of basic efficiency insofar as the Federal Government has not only blown the Honorable Court's May 13, 2022, discovery cutoff date but has done so by presenting two more document productions since then, which total nearly 40,000 additional pages of discovery (the 14th production taking place on May 26, 2022; the 15th production taking place only two days ago.), and which had followed on the heels of 200,000 pages being produced by the Government on the last day of discovery.

Mr. Michel would request that the Honorable Court, if for no other reason than efficiency and helping the Defendant / parties all get ready to put on a fair trial, order the Government to answer the below bill and be more specific.

Accordingly, Prakazrel Michel, by his attorney, David E. Kenner, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), to direct the government to supply the following particulars in reference to the First Superseding Indictment filed in the above-captioned case:

**FARA**

1. Good faith factual averments in support of the notion that Mr. Michel was, pursuant to FARA at 22 USC 611, et seq., an "agent."

2. Good faith factual averments in support of Mr. Michel's alleged scienter / "criminal knowledge" (relative to those respective four charges *and specifically* in relation to the assertion that Mr. Michel either was aware of any alleged requirement that he register.)

3. Good faith factual averments in support of the notion that Mr. Michel engaged in "lobbying" or acted as a "lobbyist," either as a matter of law or as those terms are commonly defined.

4. Good faith factual averments in support of the notion that Mr. Michel was seeking updates or pressuring any one on behalf of Mr. Low (*see* FSI 131.)

**FOREIGN MEETINGS**

5. Relative to the alleged Macau meeting in early September 2017, please provide good faith factual averments in support of: (a) who was present; (b) what *specifically* was said; and (c) from whom, and in what manner, the DOJ gathered such information.

6. Relative to the alleged Hong Kong meeting in mid May 2017, please provide good faith factual averments in support of: (a) who was present; (b) what *specifically* was said; and (c) from whom, and in what manner, did the DOJ gathered such information. (see FSI 138.)

**TRANSFERS AND TRACING**

7. To the extent the DOJ proffers that Mr. Low sent Mr. Michel sent / transferred / wired money during the timeframe set forth in the FSI, please provide good faith factual averments in support of:

   a. whether Mr. Low actually caused the money to be sent and / or sent the money himself;

   b. and in terms of tracing, any and all factual bases in support of the notion that the funds allegedly sent by Mr. Low to Mr. Michel were the proceeds of criminal activity, *of any type* (e.g., state or federal crimes; violations of international law, etc.); and,

   c.  relative to alleged criminal proceeds which Mr. Low either personally sent or caused to be sent to Mr. Michel, please provide good faith factual averments in terms of who provided to the DOJ such information, when and in what format.

8. Relative to the alleged misrepresentation to financial institutions about the source and purpose of funds transferred to Mr. Michel, please provide good faith factual averments in support of: (a) the original source of funds transferred from foreign bank accounts; and (b) ownership information related to any such original source bank accounts.

**BANKING**

9. Please provide good faith factual averments in support of the notion that:

   a.  the DOJ knows that the statements made to any bank were false, and in what respect, who said as much, what specifically was said, who was present for said alleged disclosure and so forth; and,

   b.  U.S. banks considered Mr. Lo "toxic" (here, too: who, what, when where, how, why and so forth.)

**STEVE WYNN**

10. Relative to alleged target and Las Vegas business magnate, Stephen Wynn—given that Mr. Wynn *did* meet with President Trump relative to the allegations in the instant case, please provide good faith factual averments in support of the notion that he (Mr. Wynn) was not aware of said registration requirement.

**GEORGE HIGGINBOTHAM, ESQ.**

11. Relative to Mr. Higginbotham's "moonlighting" in the instant case, please provide good faith factual averments regarding:

   a.  the extent to which the DOJ knew / or didn't know that a full-time, salaried employee was running a full-blown, freestanding law practice on the side;

b. the extent to which the DOJ knew / or didn't know that Mr. Higginbotham was doing so to such an extent that he saw fit to advise Mr. Michel, directly and in person, that Mr. Low's money, which allegedly totaled on the order of millions of dollars, could be—and ultimately *did*—run through, Mr. Higginbotham's personally maintained attorney-client trust account; and,

c. the extent to which the DOJ knew / or didn't know that Mr. Higginbotham, while working full-time for the self-same federal agency prosecuting Mr. Michel, wrote a letter, on self-styled letterhead ("Higginbotham Law, P.C."), to City Bank attempting to assuage their concerns about the Anicorn / Lucky Mark transactions;

d. the position of the DOJ, in light of relevant statutory authority, interpretive case law, ethical rules and, among other things, the USAM, on Mr. Higginbotham's private practice.

e. please provide good faith factual averments to support the any claim to the contrary – *to wit*, that Messers Higginbotham and Michel did *not* have an attorney-client relationship in any respect (this despite Mr. Higginbotham flying to, and negotiating, Mr. Michel's business interests, in the nation-state of Sudan, during which trip he openly introduced himself to individuals as Mr. Michel's attorney.)

f. the DOJ's understanding of Mr. Higginbotham's *role* (attorney, friend, consultant, etc.?) either on behalf of Mr. Michel and / or any other individual, given that, while being a full-time, salaried employee of the DOJ, he physically visited the PRC Embassy during the timeframe set forth in the First Superseding Indictment;

g. Mr. Higginbotham's advising Mr. Michel on, among other things, FARA's legal requirements; and

h.  Relative to the alleged meeting at the Chinese Embassy in mid- July 2017, please provide good faith factual averments in support of: (a) who was present; (b) what was *specifically* said; and (c) from whom, and in what manner, the DOJ gathered such information.

**OBSTRUCTION**

12. Please provide good faith factual averments in support of: (a) what, if any, evidence does the DOJ have with respect to the witness tampering/obstruction charges insofar as the FSI reads "… with the express purpose of making a straw donation."

13. Relative to the text messages alleged to be sent from Mr. Michel to Straw Donor N and Individual A, please provide good faith factual averments in support of: (a) from which device, and using what network, were those text messages sent; (b) how (in what manner) were those text messages captured such that evidentiary integrity has been maintained; (c) any scientific or mobile forensics theories or methods used to make determinations based on cellular or geo-location information (i.e., what proof that those text messages were "cause[d] to be sent from MICHEL"?).

14. Please provide good faith factual averments in support of the notion that Mr. Michel acted an "intent to intimidate, threaten and persuade…"? (*See* FSI para. 94) .

///
///
///

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court may direct the Government to file a bill of particulars. FED. R. CRIM. P. 7(f). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 73 (D.D.C. 2019) (internal quotation marks omitted).

The Defendant may move for a bill of particulars before or within 14 days after arraignment or at any time with Court permission. FED. R. CRIM. P. 7(f).

A bill of particulars is appropriate for identifying the specific acts a defendant allegedly took to commit the offense, where the indictment fails to allege them or does so vaguely. *United States v. Ramirez*, 54 F Supp. 2d 25, 90 (D.D.C. 1999) (government required to provide particulars as to all overt acts in which any defendant participated so that each defendant may understand the government's view of his alleged role in the conspiracy); *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) (government ordered to identify specific overt acts of defendants); *United States v. Brown*, 2007 U.S. Dist. LEXIS 49169, *45 (D.D.C. July 9, 2007) (ordering government to identify in bill of particulars "specific alleged actions and specifically worded false statements on which the government shall rely in proving its case"); *United States v. Siddiqi*, 2007 U.S. Dist. LEXIS 15410, *8 (S.D.N.Y. Feb. 21, 2007) (bill of particulars must specify the dates and amounts of bribes defendant allegedly paid); *United States v. Palfrey*, 499 F. Supp. 2d 34, 51-52 (D.D.C. 2007) (requiring government to identify proceeds allegedly used in support of criminal enterprise so defendant does not "waste precious pre-trial preparation guessing what data . . . will be relevant to [the] defense"); *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) ("[T]he indictment fails to state which specific documents were fraudulent, and what was allegedly fraudulent about the documents at issue.")

Defendant must also be put on notice as to the specific dates of the allegations, the documents, and what the false statements were within the documents. *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001) (ordering government in health care fraud case to identify in a bill of particulars the specific false entries in physician's records and specific fraudulent bills to insurers); *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) ("A defendant faced with false statement charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information); *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (granting in part a motion for a bill of particulars "as it relates to the defendant's request for the basis of the government's allegations that the defendant solicited and received things of value for and because of official acts performed and to be performed by defendant"); *United States v. Royal Caribbean Cruises, Ltd.*, 24 F. Supp. 2d 155 (D.P.R. 1997) (mandating that the government notify the defendants of the specific proceeding that was obstructed); *United States v. McGuinness*, 764 F. Supp. 888, 892-94 (S.D.N.Y. 1991) (holding that government must provide defendant bill of particulars listing approximate date and amount of payments allegedly made in violation of Taft-Hartley Act); *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (reversing conviction for failure to require a bill of particulars setting forth specific staged burglaries and specific insurance claims alleged to be false); *United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979); *United States v. Baker*, 262 F. Supp. 657, 674 (D.D.C. 1966) (granting the tax defendant's motion for a bill of particulars "specify[ing] the statements and/or acts by which defendant is claimed to have aided, assisted in, counseled, procured, or advised the preparation and presentation" of the false tax return).

WHEREFORE, it is respectfully requested that the Court grant this Motion For Bill of Particulars.

DATED: July 1, 2022                Respectfully submitted,

**/s/ David Kenner**
David E. Kenner
Kenner Law Firm
16633 Ventura Blvd., Suite 735
Encino, CA 91436
(818) 995-1195
Email: david@kennerlaw.com
CA Bar No.: 41425
Counsel for Defendant

**/s/ Charles Haskell**
Charles R. Haskell
The Law Offices of Charles R. Haskell, Esq.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: Charles@CharlesHaskell.com
DC Bar No.: 888304007
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

Dated:       July 1, 2022                           /s/ Charles R. Haskell
                                                    Charles R. Haskell
                                                    DC Bar No.: 888304007
                                                    641 Indiana Ave. NW
                                                    Washington, DC 20004
                                                    Tel. (202) 888-2728
                                                    Charles@CharlesHaskell.com
                                                    Counsel for Defendant

DEFENDANT MICHEL'S NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS, & c.