```
KENNER LAW FIRM                          ORAL ARGUMENT REQUESTED
DAVID KENNER, SBN 41425
16633 VENTURA BLVD., STE. 735
ENCINO, CA  91436
PHONE: (818) 995-1195
FAX: (818) 475-5369
EMAIL: DAVID@KENNERLAW.COM

ATTORNEY FOR DEFENDANT
PRAKAZREL MICHEL
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>PRAKAZREL MICHEL, *ET AL.*<br><br>        Defendants. | Case No.: 19-148-1 (CKK)<br><br>**DEFENDANT MICHEL'S REPLY TO GOVERNMENT'S OPPOSITION TO MODIFY CONDITIONS OF DEFENDANT'S RELEASE TO ALLOW HIM TO TRAVEL: MEMORANDUM**<br><br>[U.S. CONST. AMEND VIII; 18 USC 3141, *ET SEQ.*]<br><br>Date:<br>Time:<br>Place: |

COMES NOW DEFENDANT PRAKAZREL MICHEL, by and through counsel of record, David E. Kenner, and, pursuant to the Eight Amendment and 18 USC 3141, et seq. ("The Bail Reform Act") hereby files this brief reply to the Government's Opposition to Mr. Michel's Motion to Modify Conditions of Release.

This motion is based on these moving papers, the memorandum of points and authorities attached hereto, all the files and records in this case and any evidence or argument which the Honorable Court seeks to hear during or after the hearing on this motion.

///

DATED: July 6th 2022          Respectfully submitted,

**/s/ David Kenner**
David E. Kenner
Kenner Law Firm
16633 Ventura Blvd., Suite 735
Encino, CA 91436
(818) 995-1195
Email: david@kennerlaw.com
CA Bar No.: 41425
Counsel for Defendant


**/s/ Charles Haskell**
Charles R. Haskell
The Law Offices of Charles R. Haskell, Esq.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: Charles@CharlesHaskell.com
DC Bar No.: 888304007
Retained Counsel for the Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Government's response makes two arguments. The first is the allegation that because Mr. Michel's co-defendant is a fugitive, that he too is likely to become one. The second is an attempt to deceive the Court by citing a case that is out of the D.C. District Court and, unlike here, applies to a defendant who has *already been convicted at trial* and only then seeks court authorized travel. As this Court is well aware, the legal standard post-conviction is wholly different from pretrial where an individual is still presumed to be innocent.

Once again, the Government continues its efforts to summarily deprive Mr. Michel of his Constitutional rights. The argument that Mr. Michel has a co-defendant that is a fugitive is no more than a veiled attempt to argue guilt-by-association as the basis to deny his request to travel.

Mr. Low Taek Jho has been a fugitive since he was indicted. He has not participated in, nor funded a defense and has never appeared in a United States court to answer the charges or to defend himself. In fact, he remained completely absent from the case in the Eastern District of New York [*See United States v. Low Taek Jho & Ng Chong Hwa*, No. CR 18-00538, Indictment (E.D.N.Y. Oct. 3, 2018)].

In stark contrast, Mr. Michel **has** submitted to the jurisdiction of the Court, **has** complied with all court orders, **has** made every appearance, **has** retained counsel, **has** retained experts and **has** been working regularly with counsel to mount a defense. All of these are indicia of his intent to vigorously defend himself at trial.

The Government's second argument is premised on the sole case cited in the Government's response and is not only in a different jurisdiction but falls under a completely different standard of review. This egregious misrepresentation of the *Fard* case, cited by the Government should not be tolerated by this Court.

The *Fard* case is post-conviction. *See U.S. v. Fard*, 8:17-cr-131-J-33SPF (M.D. Fla. Oct. 19, 2018.) There, Defendant Fard had been convicted **after** a jury trial of six counts of wire fraud. In denying Defendant Fard's request for bail <u>pending appeal</u> (*see* 18 U.S.C. § 3145), the Court noted: "Since the date of the Court's Order denying Fard's request for elimination of home detention and electronic monitoring, his motivation to flee has only increased. *At this time, he has been tried, convicted, and sentenced to three years imprisonment.*" Id. at *4 (emphasis added.) And the *Fard* Court noted the correct standard of review: "Whether a defendant may be released *pending appeal* is governed by 18 U.S.C. § 3143. Section 3143 presumes a defendant's conviction is valid, and a defendant bears the burden of establishing his entitlement to release pending appeal." *See id.*, at 2-3 (emphasis added.)

That, of course, is not the standard of review to be used at this time in Mr. Michel's case. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). As the Court knows, Mr. Michel's case is not one calling for presumptive detention. Under the Bail Reform Act ('BRA"), 18 U.S.C. §§ 3141-3156, "Congress limited pretrial detention of persons who are presumed innocent to a subset of defendants charged with crimes that are 'the most serious' compared to other federal offenses." *United States v. Singleton*, 182 F.3d 7, 13 (D.C. Cir. 1999) (quoting *Salerno*, 481 U.S. at 747).

The question for the Honorable Court is whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019).

The Government argues that Mr. Michel is a flight risk, but its speculation about his potential flight and a litany of "what ifs?" misses the mark. In *U.S. v. Irazarry*, No. 22-2038 (D.C. Cir. June 24, 2022), the Circuit reversed the district court's order denying Defendant's request to travel while on bail after he was arrested regarding the Insurrection at the Capitol. In reversing, the Court noted: "Irizarry has no prior criminal record, and he has followed all conditions of his pretrial release, including weekly check-ins by telephone with the Pretrial Services Agency. In December 2021, Irizarry received permission to travel to Germany for five days with his family over Christmas, and he did so without incident." *See* Irazarry, at *1.

The Court explained at length:

> Under the Bail Reform Act, a defendant *must* be released pretrial "subject to the least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Here, the district court did not find that Irizarry was even a flight risk or dangerous, *much less that completely denying his motion for travel was the least restrictive means of reasonably assuring his appearance and the safety of the community*. The court instead based its ruling on global judgments about all defendants charged with offenses related to January 6, rather than on an individualized assessment of safety concerns or flight risks presented by Irizarry himself. That was error."

*Irazarry*, at 1 (emphasis added.)

Like Defendant Irazarry, Mr. Michel has no criminal record. And the Government here is also making global judgments based on its assertion that his co-defendant is a fugitive.

In keeping with the case law, Mr. Michel would request that the Court modify the conditions of his release to allow him to temporarily travel upon *any conditions* of release which the Honorable Court sees fit to impose. While there are certainly a variety of such conditions, the Court might consider requiring him to report daily via telephone or checking in person with the Embassy in London, or with a local adjunct FBI office.

Notably Mr. Michel is internationally recognized and so it would be difficult for Mr. Michel to hide out for long in another country – especially because of the media attention on this

5

case. Further, the U.S. has 75 million dollars of his money, and it is well clear – or at least it should be – that Mr. Michel is putting up a vigorous defense and will return to the Court to continue to defend himself and so that he doesn't lose his money *in absentia*.

Based on the foregoing, Mr. Michel would respectfully request that he be allowed to travel to and from London, England. His presence is needed there because of a partnership he has with Rolls Royce. Rolls Royce is announcing the end of its gas-powered automobiles and its commitment to green energy. This is a cause long supported by Mr. Michel, and his absence at the event will be extremely damaging to this partnership and to his brand as an artist and a person.

///

WHEREFORE, for the foregoing reasons and any other that may occur to the Court, the Defendant respectfully requests that this Honorable Court modify the conditions of his release from custody and allow him to travel temporarily to London, England from July 19, 2022 through July 26, 2022.

Respectfully submitted this 6th day of July, 2022.

/s/ **David Kenner**
David E. Kenner
Kenner Law Firm
16633 Ventura Blvd., Suite 735
Encino, CA 91436
(818) 995-1195
Email: david@kennerlaw.com
CA Bar No.: 41425
Counsel for Defendant

/s/ **Charles Haskell**
Charles R. Haskell
The Law Offices of Charles R. Haskell, Esq.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: Charles@CharlesHaskell.com
DC Bar No.: 888304007
Retained Counsel for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Dated: July 6, 2022           */s/ Charles R. Haskell*