IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 1:19-cr-148 |
| | ) | |
| PRAKAZREL MICHEL, | ) | |
| LOW TAEK JHO | ) | |
| | ) | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The defendant, Prakazrel Michel, has been charged by a superseding indictment setting forth his criminal conduct in specific detail through 186 paragraphs and 46 pages. The allegations include extensive quotations from Michel's own communications and those of his co–conspirators in furtherance of the conspiracies; dates of financial transactions, meetings, and travel in furtherance of the schemes; and the explicit statements alleged to have been false or obstructive in the relevant counts. He has received numerous, indexed discovery productions and a preliminary descriptive government exhibit list including 472 exhibits constituting records and evidence supporting the charges and allegations in the indictment. Michel's request for detailed responses to interrogatories on the government's trial theories and proof reflects a lack of diligent review of what has already been produced or a fundamental disagreement about the import of that evidence. At trial, Michel will surely argue to the jury that the evidence does not prove his guilt. But he is not entitled to further pretrial description or explanation of the evidence or an articulation of precisely how that evidence will be presented to prove the core allegations in the indictment. Michel is attempting to use the bill of particulars, in defiance of its constraints and limited application, to litigate factual disputes through his motions. Criminal practice leaves the resolution

1

of such disputes for trial. Michel's motion should be denied.

## BACKGROUND

On May 2, 2019, a grand jury in the District of Columbia returned a four–count indictment charging Michel and Low for a foreign conduit contribution scheme concerning the U.S. presidential election in 2012. Indictment, ECF No. 1. On June 10, 2021, a grand jury in the District of Columbia returned a twelve–count superseding indictment that also charged Michel and Low with executing an undisclosed foreign influence campaign and committing money laundering, and charged Michel alone for witness tampering and conspiring to make false statements to banks. Superseding Indictment, ECF No. 84. The Superseding Indictment includes 186 paragraphs spanning 46 pages. Its allegations specifically identify relevant persons,[1] dates of events, amounts associated with particular financial transactions, and verbatim recitation of many relevant communications. *Id.* The indictment's allegations articulate dozens of overt acts for each of the three charged conspiracies, and its counts closely track the statutory language associated with each criminal offense. *Id.*

Moreover, the government has provided approximately 2.8 million pages of discovery to defense counsel through multiple indexed discovery productions. Those productions include the records and evidence underlying all of the allegations and counts in the Superseding Indictment, including, *inter alia*: grand jury and interview transcripts; 302s and other interview reports; financial and other business records; emails and other electronic communications; and extensive search warrant and subpoena returns. To assist Michel in navigating the voluminous discovery and in preparing for trial, the government also has identified, at defense counsel's request and on

---

[1] For those individuals who are anonymized in the Superseding Indictment, the government, upon request, furnished defense counsel by email an indictment key on June 28, 2022, which provides the names of those individuals.

its own initiative, numerous discrete categories of records to highlight many of the most salient documents in this case, including: 302s and interview reports/notes; transcripts of witness/subject interviews; grand jury transcripts, exhibits, and related documents; search warrant affidavits; foreign evidence requests; and documents related to the opening and initiation of the underlying investigation. The government also has provided Michel and his counsel a preliminary trial exhibit list (including identification of certain relevant financial records) and has made a good faith effort to provide a list of potential materials that Michel may be able to argue are exculpatory. In addition, the government has responded to defense counsel's myriad requests for technical assistance by, among other things, coordinating with the government's litigation support staff to assist Michel in accessing and searching the discovery productions and in supplementing custodial information for certain records.

## **ARGUMENT**

Federal Rule of Criminal Procedure 7(f) governs the use of a bill of particulars. "A bill of particulars properly includes clarification of the indictment, not the government's proof of its case." *United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 174 (D.D.C. 2015) (citation and internal quotation marks omitted). "[I]f the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id*. (quoting *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)). In deciding whether to order a bill of particulars, "[c]ourts weigh the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information otherwise available to the defendants." *United States v. Sutton*, No. CR 21-0598 (PLF), 2022 WL 1183797, at *2 (D.D.C. Apr. 21, 2022) (internal quotation marks omitted). But "[a] bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's evidence." *United States v.*

*Saffarinia*, 422 F. Supp. 3d 269, 274 (D.D.C. 2019) (quoting *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004)). Nor is a bill of particulars appropriate if "by reasonable investigation in the light of information contained in the indictment, or otherwise furnished by the prosecution, the defendant could avoid prejudicial[ ] surprise[ ]." *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 74 (D.D.C. 2019) (citation and internal quotation marks omitted).

Michel's motion for a bill of particulars fails because of the extensive factual detail provided in the Superseding Indictment and the supporting discovery. First, the Superseding Indictment in this case is detailed and clear in its allegations associated with each and every count. Each conspiracy count includes specific averments pertaining to the objects, manner and means, and overt acts of its respective scheme. *See* ECF No. 84 ¶¶ 20–74 (foreign conduit contribution conspiracy), ¶¶ 97–149 (undisclosed foreign lobbying and money laundering conspiracy, including introductory paragraphs), ¶¶ 158–181 (conspiracy to make false statements to banks). Michel's scheme to tamper with potential government witnesses is equally detailed with more than 15 paragraphs specifying the context for and acts taken in furtherance of his obstructive conduct, including the exact language of the allegedly obstructive messages. *See id*. ¶¶ 81–96. The indictment identifies particular individuals and dates in connection with specific overt acts and events, including financial transactions alleged in relatively precise amounts. It recounts specific communications—whether by email, text message, or phone—and meetings held on or about particular dates, all in furtherance of the respective schemes. The indictment, despite Michel's assertions to the contrary, easily satisfies the pleading requirements of Federal Rule of Criminal Procedure 7(c)(1), which requires nothing more than "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" The thoroughness and clarity

of the 186–paragraph indictment far exceeds what is required by the Federal Rules. *See, e.g.*, *Lorenzana-Cordon*, 130 F. Supp. 3d at 174.

Michel cites to several cases in support of his motion, ostensibly for the proposition that the government may be ordered to provide a bill of particulars to identify specific acts and specific information related to those acts. *See* ECF No. 115 at 8–9. Unlike the defendants in those cases, Michel has the benefit of a highly detailed indictment already providing him with the precise information that the defendants in his cited cases were requesting. The cases on which Michel relies largely reflect indictments that were considerably less detailed than the Superseding Indictment and devoid of information provided here, such as: (1) financial information, *see United States v. Palfrey*, 499 F. Supp. 2d 34, 51–52 (D.D.C. 2007) (granting bill of particulars in part to provide, *inter alia*, information about "proceeds of specified unlawful activity," but denying in part because the motion was "excessively broad and include[d] requests that [were] without merit or that [sought] information that the Government ha[d] already provided"); (2) detailed overt acts, *see United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (granting in part and denying in part bill of particulars that "is all the more important in a narcotics conspiracy case because the indictment itself provides so little detail" where overt acts need not be expressly alleged); (3) dates and amounts of payments and details of criminal activity undertaken in exchange for those payments, *see United States v. Siddiqi*, No. 06 CR. 377 SWK, 2007 WL 549420, at **2–4 (S.D.N.Y. Feb. 21, 2007) (granting bill of particulars where indictment did not specify approximate dates and amounts of bribe payments or official acts in exchange for bribe payments); and (4) identities of third parties and amounts of relevant financial transactions, *see United States v. McGuinness*, 764 F. Supp. 888, 893–94 (S.D.N.Y. 1991) (granting bill of particulars in part to provide, *inter alia*, names, amounts, and dates of unlawful payments and denying in part other

5

requests as "clearly beyond the proper scope of a bill of particulars"). The present indictment is highly detailed and does not present any of the same issues as the more threadbare and less detailed indictments referenced in many of Michel's cited cases.[2] *See United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990) ("A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." (citation and internal quotation marks omitted)), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2nd Cir. 2010).

The court's decision in *United States v. Bazezew*, cited by Michel, is especially instructive. In that case, the court granted in part and denied in part the defendants' motion for a bill of particulars where 16 defendants had been charged with conspiracy to commit bribery. 783 F. Supp. 2d 160, 162, 168–69 (D.D.C. 2011). The court observed that "the general rule is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id.* (citation and internal quotation marks omitted). It then denied the defendants' request for a bill of particulars as to "most of the information they seek":

> For example, they are not entitled to know exactly how government law enforcement officials determined that each defendant was involved in the conspiracy; the exact date, time, and place when the conspiracy began; the conduct of all co-conspirators in furtherance

---

[2] Michel also cites several cases in which a bill of particulars was granted to identify specific false statements or fraudulent representations made in connection with fraud schemes or fraud related counts. *See* ECF No. 115 at 8–9. Unlike in those cases, the Superseding Indictment here alleges false statements, misrepresentations, and falsification of records with exacting specificity, thereby nullifying the need or appropriateness of a bill of particulars. *See, e.g.*, ECF No. 84 ¶¶ 36–74 (overt acts in furtherance of foreign conduit contribution scheme and causing and making false statements to Federal Election Commission, including specific dates and misrepresentations), ¶¶ 82–92 (allegations related to witness tampering including specific obstructive acts, dates of and individuals involved in acts, and recitation of relevant letters and text messages), ¶¶ 117–49 (overt acts in furtherance of undisclosed foreign influence campaign including specific dates of and individuals involved in acts, and specific misrepresentations and acts of concealment), ¶¶ 166–81 (overt acts in furtherance of conspiracy to make false statements to banks including relevant dates, financial transactions, and specific misrepresentations and acts of concealment).

>   of the conspiracy that was known to each individual defendant; the names, addresses, and telephone numbers of all persons having information or knowledge of each defendant's involvement in the conspiracy; the identity of all persons known by the government to have participated in each alleged overt act; or a description of the nature of all acts or statements that each defendant allegedly engaged in or uttered in support of or in furtherance of the conspiracy.

*Id*. at 168. The court granted the bill of particulars in part insofar as the indictment's conspiracy count "provide[d] very little information," and "allege[d] only a single overt act by each of these 16 defendants" with "no suggestion . . . that any of the 16 defendants did anything either before or after that one act on that specific date to join the conspiracy or to further its goals." *Id*. Such scarcity of information does not exist in the Superseding Indictment here. The court in *Bazezew* denied the more expansive requests that closely mirror those asserted by Michel.

In the face of such detailed allegations and extensive supporting discovery, Michel's requests must fail. Michel seeks "factual averments" for his relationship with Low and PRC Minister A, ECF No. 115 at 4 ¶ 1; his knowledge about FARA, *id*. ¶ 2; and the acts he took in furtherance of the undisclosed foreign lobbying scheme, *id*. ¶¶ 3–4. The Superseding Indictment includes nearly 50 paragraphs averring allegations and overt acts associated with the 2017 conspiracy with Low, setting forth Michel's introduction of other co–conspirators to Low; trips to meet with Low and PRC Minister A; contracts memorializing the agreement to act on Low's behalf; and the acts taken by Low and other co–conspirators in furtherance of the conspiracy. *See* ECF No. 84 ¶¶ 97–149. Michel's requests for more details surrounding his foreign meetings and "what *specifically* was said," ECF No. 115 at 4 ¶¶ 5–6, misapprehends notice pleading requirements and ignores the interview reports and grand jury transcripts of witnesses who were present and have described the meetings. His additional demands for "any and all factual bases," *id*. ¶ 7(b), about financial transactions and institutions, *id*. ¶¶ 7–9; Stephen Wynn's knowledge (or

7

lack thereof) about FARA, (even though Wynn is not charged in this case), *id.* ¶ 10; extensive information—much of it arguably impeachment evidence, if relevant at all—about George Higginbotham, Michel's co–conspirator, *id.* ¶ 11; "evidence" and other information pertaining to the obstruction counts properly alleged in the indictment, *id.* ¶¶ 12–14; and "from whom, and in what manner, the DOJ gathered such information," *id.* ¶ 11(h); *see also id.* ¶¶ 6, 7(c), are similarly overbroad and misplaced.

Readily apparent from Michel's requests for "factual averments," "factual bases," and "evidence" is both his disregard for the information already provided to him and his bootstrapping of a discovery–like request to a bill of particulars. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Torres*, 901 F.2d at 234 (quoting *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968)). "[U]nlike discovery, a bill of particulars is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks omitted and emphasis in original). The government has already provided the defendant with the "fruit of the government's investigation" in one of the most expansive and individualized approaches to discovery undersigned counsel have ever witnessed. Michel suggests that the Court should order the bill of particulars "if for no other reason than efficiency," that is, seemingly to spare Michel from reviewing the discovery provided to him,[3] and identifying his own

---

[3] To seemingly justify his overbroad request here, Michel notes the government's recent discovery productions and alleges that the government has "blown" the discovery deadline in this case. ECF No. 115 at 3. That assertion is inaccurate. The government mailed its last core discovery production on May 13, 2022, as provided by the Court's scheduling order. Defense counsel received that production on May 16. Many of those records were produced out of an abundance of caution as they were obtained as part of other investigations. The government sent another production on May 26 (which counsel received the next day). Those records, however, already

exhibits for cross–examination and a defense case if he chooses to present one. ECF No. 115 at 3. But that is not a valid basis for a bill of particulars. A defendant is not entitled to a bill of particulars so as to help him come up with or vet his defenses or to avoid the inevitable burdens of preparing for trial. Nor may a defendant force the government to unveil its case–in–chief merely for his own convenience.

"[T]he United States Court of Appeals for the District of Columbia Circuit . . . has made clear that a bill of particulars is unwarranted where, as here, 'the requested information is available in some other form.'" *Saffarinia*, 422 F. Supp. 3d at 276 (quoting *Butler*, 822 F.2d at 1193). The government has provided extensive discovery and furnished multiple lists and catalogues identifying specific bates ranges within those discovery productions to enable Michel and his counsel to locate many of the most significant records in this case. Those lists and categories included the government's preliminary exhibit list and a list of material Michel could argue was potentially exculpatory. Michel, therefore, cannot credibly claim that he does not already have the records and information supporting the allegations and counts in the indictment, or that address the specific requests he makes here in his motion. *See Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d at 77 (finding that "the combination of the detailed allegations in the indictment, the extensive discovery already produced, the government's key documents set, and the government's forthcoming exhibit list" rendered bill of particulars unnecessary for account information).

---

had been produced, albeit without bates stamps, as part of the May 13 production; the reproduction simply included bates–stamped versions of the previously produced documents. In any event, Michel and his counsel have had those discovery productions for more than five months before the current trial date in November.

Given the high level of detail in the indictment, the improper evidentiary nature of his requests, and the substantial discovery already provided, Michel's motion for a bill of particulars should be denied.

## CONCLUSION

Michel is charged by a superseding indictment that alleges his criminal conduct in painstaking detail. Michel's notice and knowledge about this case is supplemented by extensive discovery provided by the government in the years and months leading up to trial, including several lists and catalogues specifically identifying many of the records and sources of information most relevant to the core allegations in this case. Michel is already in possession of the information to which he is entitled but nonetheless is attempting to misuse, and extend beyond its proper contours, a bill of particulars. Defendant's Motion for Bill of Particulars, therefore, should be denied.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By:  /s/ Sean F. Mulryne
   John D. Keller
   Principal Deputy Chief

   Sean F. Mulryne
   Director of Enforcement & Litigation
   Election Crimes Branch

   Nicole Lockhart
   Trial Attorney
   1301 New York Ave., NW
   Washington, DC 20530
   Telephone: 202-514-1412
   Facsimile:  202-514-3003
   john.keller2@usdoj.gov
   sean.mulryne@usdoj.gov
   nicole.lockhart@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will serve counsel for the Defendant via electronic notification.

Dated:  July 22, 2022                                              */s/ Sean F. Mulryne*
                                                                              Sean F. Mulryne