**KENNER LAW FIRM**
**DAVID KENNER, SBN 41425**
**16633 VENTURA BLVD., STE. 735**
**ENCINO, CA 91436**
**PHONE: (818) 995-1195**
**FAX: (818) 475-5369**
**EMAIL: DAVID@KENNERLAW.COM**

**ATTORNEY FOR DEFENDANT**
**PRAKAZREL MICHEL**

**ORAL ARGUMENT REQUESTED**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 19-148-1 (CKK) |
| Plaintiffs, | ) |
| | ) **DEFENDANT MICHEL'S REPLY TO** |
| | ) **GOVERNMENT'S OPPOSITION TO MR.** |
| | ) **MICHEL'S MOTION TO DISMISS FARA** |
| vs. | ) **COUNTS ON FIRST AMENDMENT** |
| | ) **GROUNDS** |
| | ) |
| | ) [U.S. CONST. AMENDS I & V; FED. R. |
| | ) CRIM. PROC. 12(b); 21 USC § 611, *ET* |
| PRAKAZREL MICHEL, *ET AL*. | ) *SEQ*.] |
| | ) |
| Defendants. | ) Date: |
| | ) Time: |
| _____ | ) Place: |

///

///

///

- 1 -
DEFENDANT MICHEL'S REPLY TO OPPOSITION TO DISMISS FARA COUNTS
ON FIRST AMENDMENT GROUNDS

# I
# INTRODUCTION

In the prosecution's zeal to sweep up the deep pockets in this case (which means more forfeited money on the back of principally *administrative* crimes), the Government has set its sights on an internationally known black artist and rapper who, apart from being a member of the iconic band *The Fugees*, has spent countless hours and millions of dollars of his own money on other massive projects: (a) raising money and awareness through a documentary he made about Skid Row;[1] (b) yet another documentary he made which focuses on living under oppression in North Korea;[2] (c) teaming up with Vice President Gore on the massive Global Green project; (d) along with fellow artists Sean Penn and Ben Stiller, raising millions of dollars for some of Africa's poorest areas (e.g., the Sudan); and developing businesses which help people of color, one of which was Blacture (now called ZimBizi) in a partnership with Microsoft.

Pras Michel is an artist. He has always been an artist. The problem, though, with prosecuting artists (which is fraught enough) who turn out to be successful businesspeople is just what's happening in this case: the artist's brand and lifestyle as a "Creative" (in common parlance) can unfortunately subject them to ham-handed, lengthy, extraordinarily expensive criminal prosecutions which inexorably conflate criminal acts with artistic expression. And that is, among others, one of the main issues here, and throughout this whole case. The Government argues to the contrary, spelling out its belief that Mr. Michel engaged in back-channel lobbying via a massive amount of stolen funds (but with no evidence of that), and that he engaged in such conduct without letting his banks or the government know (even though the Government has offered no proof of his knowledge to register his actions).

---

[1]   Mr. Michel literally lived on Skid Row during production of this film.

[2]   The central focus of this film was, perhaps ironically, to tout America's freedoms.

- 2 -
DEFENDANT MICHEL'S REPLY TO OPPOSITION TO DISMISS FARA COUNTS
ON FIRST AMENDMENT GROUNDS

## II

### THE FARA STATUTORY SCHEME OFFERS NO GUIDANCE IN TERMS OF HOW, AND WHO, TO PROSECUTE

Here we have First Amendment concerns insofar as artists (in contrast to your run-of-the-mill criminal defendant) that have a deeply creative life and vision which is often enmeshed with acts and conduct, in this case unfortunately deemed criminal by the Government. The opposite situation is Mr. Broidy (*see* District of Columbia case 20CR00210) whose day-to-day life is markedly different than what the Government has alleged about his conduct. Consider, for example, Mr. Broidy, a prominent, well-known venture capitalist and self-professed lobbyist. Putting aside for a moment but certainly not forgetting that President Trump pardoned Mr. Broidy, in a sense, overlaid his business acumen and success atop conduct which was alleged to be criminal.

That's the difference: nothing in Mr. Broidy's background and conduct is anything like the allegations which have been levelled at *Mr. Michel, who is, first and last, an artist who lives his life through a creative lens.* Mr. Michel doesn't create during discrete periods; he creates virtually all the time. His artistic output is manifested in his brand and all of the activities that it encompasses such as networking, connecting, socializing, driving projects, ensuring meetings take place and people get together to help drive that creativity and his brand.

This leads into what Mr. Michel posited in his opening papers: FARA's statutory scheme offers no guidance in terms of *how*, and *who*, to prosecute when it comes to, as here, a self-professed and well-known lobbyist as opposed to, in stark contrast, a lifelong artist and Creative. Each of them had very different roles in the alleged factual basis of this case and, perhaps most importantly, totally opposite awareness levels of the FARA. Mr. Michel respectfully argues that, based on the facts of this case (and given his background), the FARA cannot and should not be used

to prosecute him. FARA does not admit of such an interpretation, because the FARA statutory scheme is vague and overbroad. It's no coincidence that **the DOJ has issued over 50 advisory opinions on the Act's "agency" definition alone.** (*See* https://downloads.regulations.gov/DOJ-LA-2021-0006-0016/attachment_1.pdf) Indeed, at the end of last year, the DOJ announced a rulemaking change, another in a long line of clarifications regarding FARA. During the public comment period, the DOJ received many letters regarding the *overbreadth* of FARA, including one from several prominent civil rights advocacy groups led by the ACLU, where it highlighted the risk that "FARA's overbreadth and vagueness can undermine and chill First Amendment rights to speech and association and the statute has a history of being used to target undesirable expressive conduct." (*Id.*) Another public letter to the DOJ from the Global Business Alliance, whose members include leading global companies such as Anheuser-Busch, Toyota, and Unilever, refers to risks posed by FARA, in terms of undermining U.S. democratic self-government, because it imposes excessive burdens on advocacy by those who have foreign connections but who are not acting on behalf of a foreign government (*See* https://downloads.regulations.gov/DOJ-LA-2021-0006-0017/attachment_l.pdf).

### III

### FIRST AMENDMENT ISSUES RENDER IT IMPOSSIBLE TO PROCEED ON THE FACTS OF THIS CASE

Calling Mr. Michel a "lobbyist" or claiming he engaged in a "back-channel lobbying campaign" does not make it so. The Government attempts to place a square peg into a round hole in that Mr. Michel's creative life all but requires them to make a transparently *circular argument* on page 9 of its opposition, at footnote 6. In response to Mr. Michel's contention that virtually all his conduct as an artist could fall within FARA's proscriptions, the Government writes: "That is untrue. As demonstrated herein, only <u>those activities</u> in which he [Mr. Michel] agreed to act or acted as an <u>agent</u> of a foreign principal or government for <u>covered activities</u> implicate the statutes." We are,

Comment [A1]: Didn't we have this in the orig motion? Do we want to just repeat it like that?

then, back to square one: "those activities…," "agent…," "covered activities." FARA's statutory scheme, despite all the cases, advisory opinions, CLE's and articles about it, simply does not provide plain-meaning, easily divined, workable definitions for a man who has been an artist his entire life.

## IV
## CONCLUSION

For the foregoing reasons Mr. Michel would respectfully request that the Honorable Court grant his motion to dismiss the FARA Counts 8 – 11 on First Amendment grounds.

Respectfully submitted this 27th day of July, 2022.

**/s/ David Kenner**
David E. Kenner
Kenner Law Firm
16633 Ventura Blvd., Suite 735
Encino, CA 91436
(818) 995-1195
Email: david@kennerlaw.com
CA Bar No.: 41425
Counsel for Defendant


**/s/ Charles Haskell**
Charles R. Haskell
The Law Offices of Charles R. Haskell, Esq.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: Charles@CharlesHaskell.com
DC Bar No.: 888304007
Retained Counsel for the Defendant

- 5 -
DEFENDANT MICHEL'S REPLY TO OPPOSITION TO DISMISS FARA COUNTS
ON FIRST AMENDMENT GROUNDS

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 27, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

Dated:      July 27, 2022                   /s/ Charles R. Haskell
                                                    Charles R. Haskell
                                                    DC Bar No.: 888304007
                                                    641 Indiana Ave. NW
                                                    Washington, DC 20004
                                                    Tel. (202) 888-2728
                                                    Charles@CharlesHaskell.com
                                                    Counsel for Defendant