Kenner Law Firm
David Kenner, SBN 41425
16633 Ventura Blvd., Ste. 735
Encino, CA  91436
Phone: (818) 995-1195
Fax: (818) 475-5369
Email: David@KennerLaw.Com

Attorney for Defendant
Prakazrel Michel

**ORAL ARGUMENT REQUESTED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiffs,<br><br>vs.<br><br>PRAKAZREL MICHEL, *ET AL*.<br><br><br><br><br><br>              Defendants. | Case No.: 19-148-1 (CKK)<br><br>**DEFENDANT MICHEL'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS DUE TO OUTRAGEOUS GOVERNMENTAL CONDUCT**<br><br>[U.S. Const. Amends. I, V, VI & XIV]<br><br><br><br>Date: _____, 2022<br>Time: ____ am / pm<br>The Honorable Colleen Kollar-Kotelly |

COMES NOW PRAKAZREL MICHEL, by and through counsel of record, and hereby files this reply to the Government's Opposition to his previously filed motion to dismiss due to outrageous governmental conduct.

The reply is based on all the papers and records on file in this action and on such oral and documentary evidence as may be presented at the hearing on the motion.

///

///

///

//

- 1 -

- 2 -

| | |
|---|---|
| DATED: August 24, 2022 | Respectfully submitted, |
| | **/s/ David Kenner** |
| | David E. Kenner |
| | Kenner Law Firm |
| | 16633 Ventura Blvd., Suite 735 |
| | Encino, CA 91436 |
| | (818) 995-1195 |
| | Email: david@kennerlaw.com |
| | CA Bar No.: 41425 |
| | Counsel for Defendant |
| | |
| | **/s/ Charles Haskell** |
| | Charles R. Haskell |
| | The Law Offices of Charles R. Haskell |
| | 641 Indiana Ave. NW |
| | Washington, DC 20004 |
| | (202) 888-2728 |
| | Email: Charles@CharlesHaskell.com |
| | DC Bar No.: 888304007 |
| | Retained Counsel for the Defendant |

# I

# INTRODUCTION

There are three glaring issues which stand out in the Government's position:

<u>One</u>, there is no declaration or affidavit in support of the Government's position that the parties engaged in extensive plea negotiations, *let alone what the **substance** of those discussions were*. The Government alleges, as though all that was necessary was that the parties engage in a couple rounds of run-of-the-mill horse-trading. *See, e.g.*, Gov't. Opp., August 10, 2022, Dkt. 140, at p. 2 ("Such commonplace plea bargaining and related charging decisions…"). However, this simply does not convey an accurate picture.

<u>Two</u>, instead the Government ignores the true crux of this argument, which is set out in Defendant's opening papers at pages 7-11: the trial tax. This is disturbing because that is the principal argument that should have been responded to, yet again, deflecting attention from the real issue.

<u>Three,</u> probably the most alarming tip-off is that there is a complete absence not only of discussion but, maybe more importantly, any underlying factual averments, declarations or other evidence to even allege that there were no new facts over a 2-year time frame between the two indictments.

For example, the Government has not shown that it was *not* in possession of evidence regarding the witness tampering charges *only* after the initial indictment. Also, the Government had obtained and executed search warrants, and they had interviewed witnesses back in 2018 (Mr. Higginbotham and Mr. Broidy, for example, were both fully investigated.)

Specifically, the Government's response indicates "after additional investigation of separate conduct…" but we see no declaration or factual support for such a critical averment. What new evidence did the Government develop between the initial and superseding indictments except, perhaps Mr. Michel's refusal to pay over $75 million dollars for the privilege of entering his plea.[1]

On October 20, 2020, Mr. Broidy's Statement of Offense (forming the factual basis of his potential plea in a case in front of this Honorable Court, No. 1:20-cr-00210, Dkt #7) was filed which contained allegations of additional separate conduct, all of which were known at least as early as October 2020. The Government had these "holdback" facts all along.

This case appears to be a money grab. And the message is clear: *If you don't sign over millions of dollars—while agreeing to get back a portion of that same "dirty" money—then you're going to federal prison.* If this isn't outrageous government conduct and / or vindictive prosecution, it would be hard to explain just what is.

## II

## DISCUSSION

As a threshold matter, the doctrine of Outrageous Government Conduct is alive and well in this District. Only three years ago, Judge Sullivan granted the Government's own Rule 48 Motion to Dismiss. In doing so, however, he went further and dismissed the indictment with prejudice. *See United States v. Pitts*, 331 F.R.D. 199 (D.D.C. 2019.) The

---

[1] This is notwithstanding the Government's offer to give back roughly 5% of the seized funds. See below referring to p. 10, lines 1 – 10 of July 12, 2021 Status Conference.

- 4 -

Court explained: "The government's sole reason for seeking dismissal was to allow it additional time to obtain DNA test results that it had failed to timely request. Thus, because the government's 'purpose' was 'clearly tactical' and the 'effect on the accused' was harmful, the Court held that it would be contrary to the manifest public interest and amount to objective harassment to leave the threat of arrest and prosecution—for a third time—looming simply because the government seeks to cure its self-inflicted defects in this case." *Pitts, supra*, at 16-17.

Judge Sullivan reasoned: "No person should be exposed to such outrageous government conduct merely because the government seeks to strengthen its case--which the government concedes it can take to trial at the present time--into a better prosecutorial posture." *Id.*

The Government maintains that it is normal to come back with a First Superseding Indictment ("FSI"). This case is surely different. The government returned its bulked-up FSI after Mr. Michel turned down a plea bargain which would require him to turn pay $75 million dollars to plead. At that point, Mr. Michel was the only one left.

While *Borkendircher* sets out some of the baseline law on the topic of government conduct, the Government's reliance on *Goodwin*, also on page 2, is misplaced. The crux of Defendant Goodwin's argument was that he was being treated vindictively because he had rejected a plea offer and had asked for a bench, rather than a jury, trial. That's not the case here. Indeed, the Government, at page 3, writes that, in the event of any plea, they previously decided that they wouldn't give back a substantial portion of restitution because "the tens of millions of dollars seized from Michel's and his co-conspirator's accounts are illicit proceeds…"

- 5 -
DEFENDANT MICHEL'S REPLY RE: OUTRAGEOUS GOVERNMENTAL CONDUCT

The Government's reliance on *Borkendircher* for its argument that outrageous government conduct can be found only after a remand, has misconstrued the meaning of that case. The Government's position is that the *only way* to find outrageous government conduct is after a procedural error and a remand. But that is simply one extreme example along the spectrum of potentially outrageous government conduct. At the very least, it would be this Honorable Court's prerogative to instruct the jury on this point. The Government's position postpones the ability to raise substantive Due Process violations until after remand from an appellate court. That cannot be the law.

The failure to make a motion to dismiss for a violation of due process arising from outrageous government conduct before trial might constitute a waiver. However, objective reality dictates that when the defendant goes to trial, testimony and evidence will arise which will enable counsel to make the motion anew or even for the first time. Subsequent events will give counsel another bite at the apple either at trial or certainly in post-trial motions for a new trial. See 4 Criminal Defense Techniques, sec. 86.08, Outrageous Government Misconduct (2022 Mathew Bender & Co.)[2]

This is a problematic position indeed. If the Government is of the mind that funds in this case are indeed illicit, why, then, would they offer to relinquish any portion of those funds back to the Defendant during an early plea negotiation?

---

[2] See also *U.S. v. Walters*, 910 F.3d 11, 22 (2d Cir. 2018) (defense of outrageous government conduct is a "question of law directed to the trial judge"); *U.S. v. Salahuddin*, 765 F.3d 329, 349-50 (3d Cir. 2014) (defense of outrageous government conduct must be made in pretrial motions unless evidence supporting the claim unknown before trial); *U.S. v. Warren*, 788 F.3d 805, 811 (8th Cir. 2015) (defense of outrageous government conduct waived because not made in pretrial motion); *U.S. v. Mausali*, 590 F.3d 1077, 1080 (9th Cir. 2010) (defense of outrageous government conduct waived if not raised before trial); *U.S. v. Scull*, 321 F.3d 1270, 1277 (10th Cir. 2003) (defense of outrageous government conduct waived on appeal unless plain error because not raised below).

*See*, p. 10, lines 1 – 10 of July 12, 2021 Status Conference:

```
"MR. KELLER: So we didn't agree to a specific
amount, but we agreed to entertain a request from the
defense in an amount that they thought would be reasonable
under the circumstances. We said, you know, kind of rough
guidelines, nothing less than 5 percent of the outstanding
forfeiture amount, which was $40 million.
At that point, the negotiations broke down and
defense declined to do -- to respond with the requested
amount of forfeiture."
```

As set forth in Defendant's opening brief, the government has put into writing—very recently, in fact—that they are still assembling proof that the accounts referenced were *controlled* by Low.[3]

―――

The Government's repeated attempts, throughout this case, to ignore *who George Higginbotham really is, and was*, also spills over to its description of the way Agent Lidsky communicated with him. Mr. Higginbotham was a full time, salaried attorney working for the same agency that is prosecuting Mr. Michel. His conduct is, and was, far more than just moonlighting. And it is indeed hard to fathom a case proceeding towards trial when one of the Government's main witnesses not only worked for the same agency as the prosecutors, but who will be, as a member of the Bar, attempting to incriminate a previous client.

As set out in Exhibit A attached to Mr. Michel's opening papers, Agent Lidsky himself tells Mr. Higginbotham, just before psychologically coercing consent out of him to search his house (which was occupied at that time by his wife, infant child and mother-in-

---

[3] In an email received by counsel just a few days ago on August 20, 2022, Mr. Keller acknowledges that, "we have sought additional foreign bank records to show other activity in the Low-controlled accounts, but we have not received any records and it appears unlikely that we will be able to obtain them."

- 7 -

law), that his moonlighting is a violation of Federal law: *"And this is the law that says as a DOJ employee, you cannot represent anybody that has any business with DOJ, not just a matter that you're working on, but any – you know?"* See MOTION TO DISMISS, Exhibit A, at page 2 (emphasis added.) Even the DOJ's policy manual that controls this issue makes it clear that Mr. Higginbotham's conduct was a violation of their own department's rules (*see* 5 C.F.R. § 3801.106 describing the restrictions on outside employment by DOJ attorneys).

But the Government still cannot elide the main point: the implicit threat of violence towards women and children in Mr. Higginbotham's home. The Government references the transcript, mentioning that Agent Lidsky said, "Either way, we're not going to put your family in harm's way..." Yet the Government *intentionally omits* the next three sentences: **_"I mean, you know how things can go bad. We don't want anything to go bad. I believe you have guns in the house?"_** See *id*. (Emphasis added.) *The subtext of that statement is clear: We don't want to have to shoot anybody in your family while we come search your home. You wouldn't want anything to happen to your family, right, George?*

Not to be outdone, the Government also omits, from a bit later in the conversation, this gem: "So it'd be easier with your assistance in making whatever calls, coming up with whatever story. I don't care. You can't lie to us. You can lie to your wife. All right?" *See id*. The upshot here is obvious enough: *The Government can chastise you for being dishonest in your business dealings, and can read you a document indicating that your moonlighting caper is a violation of federal law, but yet we can also encourage you to, among other things, lie not only to your wife but to the mother of your newborn child.*

Agent Lidsky also said, "We're going to deal with that professionally and in a way that satisfies *our* need to go in and do our business **and their safety**…" *See id*. Emphasis added.

This motion requires an evidentiary hearing which Defendant submits is critical and necessary to allow the record to be factually developed so that this issue, if necessary, can be properly preserved on appeal.

In addition, the Government ignored the attorney-client privileged nature of documents turned over by Mr. Higginbotham, Esq, to an agent of his boss at the DOJ. Nothing that had been produced suggests that a taint team was utilized prior to turning over those Higginbotham documents.

# III

# CONCLUSION

WHEREFORE, Defendant respectfully requests that the Honorable Court dismiss the First Superseding Indictment with prejudice or, in the alternative, conduct an evidentiary hearing relative to the herein claims.

DATED: August 24, 2022						Respectfully submitted,

/s/ **David Kenner**
David E. Kenner
Kenner Law Firm
16633 Ventura Blvd., Suite 735
Encino, CA 91436
(818) 995-1195
Email: david@kennerlaw.com
CA Bar No.: 41425
Counsel for Defendant

/s/ **Charles Haskell**
Charles R. Haskell
The Law Offices of Charles R. Haskell
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: Charles@CharlesHaskell.com
DC Bar No.: 888304007
Retained Counsel for the Defendant

Case 1:19-cr-00148-CKK   Document 149   Filed 08/24/22   Page 11 of 11

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that the foregoing is true and correct this 24th day of August, 2022, at Washington D.C., and that this document is executed under penalty of perjury according to the laws of the United States of America.

_____
Charles R. Haskell
Attorney at Law

- 11 -

DEFENDANT MICHEL'S REPLY RE: OUTRAGEOUS GOVERNMENTAL CONDUCT