| | |
|---|---|
| **KENNER LAW FIRM**<br>**DAVID KENNER, SBN 41425**<br>**16633 VENTURA BLVD., STE. 735**<br>**ENCINO, CA  91436**<br>**PHONE: (818) 995-1195**<br>**FAX: (818) 475-5369**<br>**EMAIL: DAVID@KENNERLAW.COM**<br><br>**ATTORNEY FOR DEFENDANT**<br>**PRAKAZREL MICHEL** | **ORAL ARGUMENT REQUESTED** |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>PRAKAZREL MICHEL, *ET AL*.<br><br>　　　　　Defendants. | Case No.: 19-148-1 (CKK)<br><br>DEFENDANT MICHEL'S EVIDENTIARY REPLY TO GOVERNMENT'S OPPOSITION TO MR. MICHEL'S MOTION TO DISMISS FARA COUNTS (Docket No. 142.)<br><br>&<br><br>REQUEST FOR EVIDENTIARY HEARING<br><br>[U.S. CONST. AMENDS I & V; FED. R. CRIM. PROC. 12(b); 21 USC § 611, *ET SEQ*.]<br><br>Date:<br>Time:<br>Place: |

　　　COMES NOW PRAKAZREL MICHEL, by and through counsel of record, and hereby files this reply to the Government's Opposition (Dkt. 142) to motion to dismiss the FARA Counts against him, which was previously filed, at Dkt. 130, as an *evidentiary* motion.

　　　The reply is based on all the papers and records on file in this action and on such oral and documentary evidence as may be presented at the hearing on the motion.

///

///

- 1 -
DEFENDANT MICHEL'S EVIDENTIARY REPLY TO GOVT'S OPPOSITION RE:
DISMISSING THE FARA COUNTS IN THE FSI

# I

# INTRODUCTION

The Government has ignored the FARA statutory construction issues raised in Defendant's initial evidentiary motion to dismiss the FARA counts in the First Superseding Indictment ("FSI") and has instead relied solely on arguing against any First Amendment protections, even though that line of arguments belongs in the Government's response to Defendant's non-evidentiary motion.  Defendant questions the Government's filing of essentially the same response to both the non-evidentiary and evidentiary motions.  The assertions set forth in the response to Defendant's evidentiary motion is without any facts, declarations or evidence to support its position.

# II

# DISCUSSION

In its response, the Government gives the impression that Mr. Michel has already made arguments to dismiss the FARA counts, on an evidentiary basis, based on Defendant's non-evidentiary motion to dismiss based on First Amendment grounds.  The distinction, however, is that, in *this* context, Defendant is filing an *evidentiary* motion where he seeks to put on evidence, argument and testimony in support of his legal position.[1]

In his first non-evidentiary motion to dismiss the FARA counts in the First Superseding Indictment ("FSI"), Mr. Michel points out the specific First Amendment violations that FARA poses to him as an artist, or other artists like him, where his activities

---

[1] Defendant notes that the parties were supposed to bifurcate the motions on this case and to file non-evidentiary and evidentiary motions separately.

- 2 -

as an artist are inextricably part of his conduct, for example his charitable, political and humanitarian activity.² Indeed, Mr. Michel has never, prior to this case, been requested to register under FARA.

The Government submits its response without evidence from the over 2.5 million pages it produced in discovery on this case. That response is more appropriate to the statutory attack on the face of the FARA alone. What is not responded to here is the application of FARA to this Defendant, and its chilling effect on him and others similarly situated. The Government simply ignores the knowledge requirement and business activities exception of the statute (both issues raised and discussed in Defendant's initial papers at Dkt. #130) and instead states that Defendant's evidentiary motion just, "expands on [his] factual disputes" (*see* Gov Opposition, Dkt. #142). Defendant submits that he should have the right to confront and cross-examine whatever evidence the Government chooses to set out in support of their position, whether testimonial or documentary. The Government provides no such evidentiary support upon which to base their arguments. Mr. Michel had not discussed the FARA nor any possible registration requirements with any of those other individuals, who themselves had not registered even though they were all political consultants, attorneys and professionals in the political arena.

The Government argues that Mr. Michel has not addressed the FARA statute's requirements itself, 18 U.S.C. 951 but ***that was*** overwhelming addressed in this motion (*see* Dkt. #130). Nevertheless, the Government insists that only Defendant's non-evidentiary

---

² *See* Defendant's Non-evidentiary Motion to Dismiss the FARA Counts (Dkt. #117).

motion – where facts from discovery are irrelevant because the focus is on the statutory scheme as it relates to his First Amendment rights – is sufficient to make all of its arguments to dismiss the FARA counts in the FSI.

The Government points to the "detailed recitation of facts [in the FSI] that, if true, would constitute violations of FARA and 18 U.S.C. 951" (*see* Dkt #142) but that recitation is filled with qualifiers such as "it appears that…" and "the Government "believes that…" without offering any evidentiary proof.

### III

### CONCLUSION

The Government summarily dismisses Defendant's evidentiary based arguments for why the FARA counts should be dismissed and instead relies on a single argument against the position that the FARA violates Defendant's First Amendment rights.  Even that position is weak considering the Government has been thus far unable to offer proof that the artist persona can be separated from the artist's daily endeavors.

The Government has offered no evidence to suggest that Mr. Michel had knowledge of the FARA, or its registration requirements, a key element to showing intent on the part of Defendant; and, offers no evidence to show that Mr. Michel does not fall into the private and nonpolitical activities exception to the statute.

Accordingly, Mr. Michel submits that the FARA Counts should be dismissed or, at a minimum in the alternative, grant the evidentiary hearing requested.

///

///

DATED: August 24, 2022

Respectfully submitted,

**/s/ David Kenner**
David E. Kenner
Kenner Law Firm
16633 Ventura Blvd., Suite 735
Encino, CA 91436
(818) 995-1195
Email: david@kennerlaw.com
CA Bar No.: 41425
Counsel for Defendant

**/s/ Charles Haskell**
Charles R. Haskell
The Law Offices of Charles R. Haskell
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: Charles@CharlesHaskell.com
DC Bar No.: 888304007
Retained Counsel for the Defendant

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that the foregoing is true and correct this 24th day of August, 2022, at Washington D.C., and that this document is executed under penalty of perjury according to the laws of the United States of America.

_____
Charles R. Haskell
Attorney at Law