IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Crim. No. 1:19-cr-148 |
| ) | |
| ) | |
| PRAKAZREL MICHEL, ) | |
| LOW TAEK JHO        ) | |
| ) | |

**UNITED STATES' REPLY IN SUPPORT OF TRIAL BRIEF**

The United States, by and through its attorneys, respectfully submits this reply in support of the limited arguments Michel has chosen to raise in his Responses to the government's Motions *in Limine*. Def. Resp., ECF Nos. 166, 167.

Motions *in limine* are "designed to narrow the evidentiary issues at trial" and for parties to argue why "evidence should or should not, *for evidentiary reasons*, be introduced at trial." *Williams v. Johnson*, 747 F. Supp. 2d 10, 14, 18 (D.D.C. 2010). The government seeks to limit evidence that is precluded by well-settled law to avoid wasting time addressing unnecessary evidentiary issues at trial. Michel's proposed "wait and see" approach, ECF No. 166, provides no justification for delayed rulings and risks cluttering the trial with ancillary issues already ripe for determination.

For example, Michel's request for a hearing under Federal Rule of Evidence 702 provides no substantive response or justification for waiting to rule on the government's motion to exclude his proposed expert testimony. Michel's expert report lays out his proposed expert testimony in detail. The various assertions in the proffered testimony all fail to address a fact in issue; do not rely on any methodology, data, or testing; are inadmissible lay opinions lacking foundation; or

1

constitute impermissible legal conclusions. No hearing under Rule 702 is necessary, and the facially inadmissible proffered testimony should be excluded for the reasons set forth in the Government's Motion in Limine.

Michel also seeks to leave the door open to introduce specific evidence of his good conduct arguing either that such conduct falls within Rule 405(b) as evidence of some amorphous character trait that is "an essential element of a charge, claim or defense," or, alternatively, that such conduct is "inextricably intertwined" with the charged conduct under Rule 404(b). ECF No. 167 at 3-4. Specifically, the conduct Michel seeks to admit includes "a raft of charitable, humanitarian and political activity" and that Michel "brought his worldview—that of an artist who has been *creating* his entire life" to the charged conduct. *Id.* (emphasis in original).

Evidence of other lawful behavior is irrelevant because acts of honesty or good deeds do not prove an absence of dishonest acts. *See, e.g.*, *United States v. Burke*, 781 F.2d 1234, 1243 (7th Cir. 1985) ("Evidence that the defendant frequently performs lawful or laudable acts does not often establish that some subsequent act is also lawful or laudable."). Evidence of the defendant's relevant acts during the charged schemes may be admissible but not to prove his character. Although a defendant may seek to offer evidence of a pertinent character trait in the form of reputation or opinion testimony, *see* Fed. R. Evid. 405(a), such testimony cannot be bolstered by specific instances of conduct, "unless the case is one 'in which character or a trait of character of a person is an essential element of a charge, claim, or defense,' in which case a defendant may provide proof of 'specific instances of that person's conduct.'" *United States v. Brown*, 503 F. Supp. 2d 239, 241 (D.D.C. 2007) (citing Fed. R. Evid. 405(b)). No character trait of the defendant is an essential element of any of the charges here or his proffered defense.

Where a defendant attempts to present evidence of prior good acts to portray the defendant

as a person of good character, such evidence is clearly inadmissible. Fed. R. Evid. 405(b); *see also, e.g.*, *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (affirming exclusion of evidence of commendations received because it was neither pertinent nor an essential element of the conduct for which he was charged); *United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008) (finding specific acts of good character inadmissible under Rules 404(b) and 405(b), where defendant tried to introduce extrinsic evidence of purportedly legitimate business activities in order to negate evidence of his fraudulent intent with respect to the charged acts). This use of prior good acts testimony would also be barred by Rule 404(b), which prohibits the admission of evidence of other acts to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character.

Michel's attempt to introduce evidence of other, unrelated "charitable, political and humanitarian activity" should be excluded. It is irrelevant to the charges in the indictment, is not admissible to show the defendant's intent or any element of the crimes charged, and would be a distraction that would unnecessarily waste the Court's time and resources.

For the foregoing reasons, the government's Motions *in Limine*, ECF No. 155, should be granted.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By: */s/ Nicole R. Lockhart*
John D. Keller
Principal Deputy Chief

Sean F. Mulryne
Director of Enforcement & Litigation
Election Crimes Branch

Nicole Lockhart
Trial Attorney
1301 New York Ave., NW
Washington, DC 20530
Telephone:  202-514-1412
Facsimile:   202-514-3003
john.keller2@usdoj.gov
sean.mulryne@usdoj.gov
nicole.lockhart@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will serve counsel for the Defendant via electronic notification.

Dated:  October 7, 2022                                    */s/ Nicole R. Lockhart*
                                                                                                   Nicole R. Lockhart