UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>PRAKAZREL MICHEL,<br><br>        Defendant. | Criminal Action No. 19-148-1 (CKK) |

**ORDER**
(February 27, 2023)

Before the Court is Defendant's [185] Brief in Support of Advice of Counsel Defense and the Government's [186] Response thereto.  The Court directed the parties to submit briefing in an effort to resolve the availability of such a defense on the papers.  Because the parties contest a swath of relevant facts, the Court shall leave the resolution of this issue for trial.

As the Court briefly explained in its [154] Omnibus Memorandum Opinion, an advice-of-counsel defense is a factual, affirmative defense.  2022 WL 4182342, at *7 (D.D.C. Sept. 13, 2022) (citing *United States v. West*, 392 F.3d 450, 457 (D.C. Cir. 2004)).  The viability of the defense generally proceeds in two factual steps:  (1) determining whether an attorney-client relationship existed, and (2) if so, determining whether the attorney "act[ed] as an accomplice to the crime" or otherwise further[ed] the alleged criminal venture.  *See West*, 392 F.3d at 457.  The Government challenges both prongs and insists that the Court should bar Defendant from advancing the defense "unless and until there is sufficient evidence that [George] Higginbotham[, Esq.] did not act as a criminal co-conspirator."  ECF No. 186 at 2.  At the same time, the Government argues factually, incorporating exhibits appended to Defendant's [185] Brief, that Higginbotham was, in fact, a criminal co-conspirator (as the Superseding Indictment also alleges).  *Id.* at 4; ECF No. 84 ¶¶ 98-104 (Superseding Indictment).

1

The Court is deeply concerned that it may appropriately resolve such a factual question without the benefit of adversarial testing.  As a threshold matter, some of Defendant's exhibits appear to include testimonial assertions by Higginbotham adverse to Michel, *e.g.*, ECF No. 185-1 at 4 (FBI 302 summary of interview with Higginbotham), raising serious Confrontation Clause issues were the Court to rely on those exhibits, *see Crawford v. Washington*, 541 U.S. 36, 51-52 (2004) (Scalia, J.).  Determining Higginbotham was in fact a co-conspirator is to test the adequacy of the evidence as to one of the major charged conspiracies in this case, a factual question which at the very least merits an adversarial evidentiary hearing.  *See, e.g.*, *In re Grand Jury Subpoena*, 223 F.3d 213, 219 (3d Cir. 2000) (although evidentiary hearing unnecessary in grand-context, noting salutary effects of adversarial testing); *see also generally* Cary Bricker, *Revisiting the Crime-Fraud Exception to the Attorney-Client Privilege: A Proposal to Remedy the Disparity in Protections for Civil and Criminal Privilege Holders*, 82 Temple L. Rev. 149 (2009) (similar).  A pretrial evidentiary hearing here would not be expedient, however, because Higginbotham's role in the second major charged conspiracy may establish in large part Defendant's criminal liability, resulting in a minitrial on the merits.  Therefore, the Court will defer ruling on the availability of an advice-of-counsel defense, i.e., whether the crime-fraud exception to the attorney-client privilege applies here, until after Defendant has the benefit of adversarial testing during the Government's case in chief.

Therefore, for practical purposes, counsel for Defendant may either:  (1) reserve his opening statement and address such a defense only if permitted after the close of the

\#

\#

\#

Government's case-in-chief, or (2) deliver his opening statement directly after the Government but forgo any mention of facts that may sustain an advice-of-counsel defense.

    **SO ORDERED**.

**Dated:** February 27, 2023

                                                        /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge