IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PRAKAZREL MICHEL,<br>   a/k/a "PRAS" MICHEL<br>LOW TAEK JHO<br>   a/k/a "JHO LOW",<br><br>                           *Defendants.* | Criminal No: 1:19-cr-00148 |

## MOTION OF HON. BENJAMIN CARSON, M.D.
## TO QUASH RULE 17 SUBPOENA

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, nonparty Hon. Benjamin Carson, M.D., moves to quash the subpoena served on him by Defendant Michel in the case of *United States v. Michel et al.*, No. 1:19-cr-00148. The subpoena purports to command compliance in the District of Columbia, ordering nonparty Dr. Carson to appear and testify at a hearing or trial on March 27, 2023, at midnight.

Counsel for Dr. Carson emailed counsel for Defendant to discuss the subpoena but by time of filing has not received any further communication by counsel for Defendant to set up a time to discuss.

A Statement of Points and Authorities and a Declaration by Dr. Carson are also submitted in support of this Motion. Counsel likewise submits a Proposed Order. The subpoena is attached as Exhibit A to the Statement of Points and Authorities.

As described in the Statement, the subpoena should be quashed for the following reasons:

1

1. Dr. Carson can provide no testimony relevant to this case.

2. Dr. Carson discussed no matters relevant to this case in any purported conversations with any defendant or relevant person referenced in the Superseding Indictment.

DATED: February 17, 2023
Respectfully Submitted,

*[signature: Jonathan P. Lienhard]*

---

Jonathan P. Lienhard (D.C. Bar No. 474253)
Dennis Polio (D.C. Bar No. 198054)
HOLTZMAN VOGEL BARAN
TORCHINSKY AND JOSEFIAK PLLC
2300 N Street NW, Suite 643A
Washington, DC 20037
Phone: (202) 737-8808
Fax: (540) 341-8809

*Counsel for Hon. Benjamin Carson, M.D.*

## Certificate of Service

I hereby certify that if approved for filing, the foregoing document will be filed by the Clerk of the Court via the CM/ECF filing system which will serve the document on all counsel required to be served.

*[signature: Jonathan P. Lienhard]*

---
Jonathan P. Lienhard (D.C. Bar No. 474253)
Dennis Polio (D.C. Bar No. 198054)
HOLTZMAN VOGEL BARAN
TORCHINSKY AND JOSEFIAK PLLC
2300 N Street NW, Suite 643A
Washington, DC 20037
Phone: (202) 737-8808
Fax: (540) 341-8809

*Counsel for Hon. Benjamin Carson, M.D.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PRAKAZREL MICHEL,<br>   a/k/a "PRAS" MICHEL<br>LOW TAEK JHO<br>   a/k/a "JHO LOW",<br><br>              *Defendants.* | Criminal No: 1:19-cr-00148 |

### STATEMENT OF POINTS OF LAW AND AUTHORITIES IN SUPPORT OF HON. BENJAMIN CARSON, M.D.'S MOTION TO QUASH DEFENDANT'S SUBPOENA

### INTRODUCTION

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, nonparty Hon. Benjamin Carson, M.D. moves to quash the subpoena served on him by Defendant Michel in the case of *United States v. Michel et al.*, No. 1:19-cr-00148. The subpoena purports to command compliance in the District of Columbia, ordering nonparty Dr. Carson to appear and testify at a hearing or trial on March 27, 2023, at midnight.

Dr. Carson can provide no relevant information in this case. During his tenure as a Cabinet Secretary, he met thousands of people. He does not recall at any point knowing or discussing anything about this case with anyone named or referenced in the Superseding Indictment. Considering Dr. Carson cannot provide any relevant, specific, and material testimony about the subject matter of the case, the subpoena should be quashed under the

consensus approach to quashing subpoenas ad testificandum and under the law of this Court.

## STATEMENT OF FACTS

Dr. Carson was appointed by President Donald Trump to be the 17th United States Secretary of Housing and Urban Development ("HUD"), was confirmed, and assumed office March 2, 2017. He finished out the term, leaving HUD on January 20, 2021. As HUD Secretary, Dr. Carson had no power to influence Department of Justice ("DOJ") prosecutorial decisions or to deport foreign nationals residing in the United States.

Over his almost four years as Secretary of HUD, Dr. Carson met many thousands of people, including then-Prime Minister of Malaysia Najib Razak, who would later be implicated in the 1MDB scandal at the heart of this case. At a brief meet-and-greet in September 2017, Dr. Carson and Razak discussed nothing of policy and nothing related to this present case. Decl. ¶ 4. While Dr. Carson's position and prominence makes it plausible that he briefly met others named or referenced in the Superseding Indictment, he cannot recall any specifics of any meetings with such persons. Decl. ¶ 5.

During Dr. Carson's tenure at HUD, the United States began its prosecution of the Defendants. On June 10, 2021, a Superseding Indictment charged Defendant Michel with, *inter alia*, illegal lobbying in an attempt to convince the Administration of the President of the United States and DOJ to drop law enforcement proceedings into Low's involvement in the 1MDB scandal and to send a dissident living in the United States to the People's Republic of China. The Superseding Indictment does not mention Dr. Carson, nor does it reference any interaction at all between the Defendants or other named persons and Dr. Carson.

On February 7, 2023, Dr. Carson was served with a subpoena ad testificandum, dated January 30, 2023, from counsel for Defendant Michel. The subpoena commands Dr. Carson to appear in this Court on March 27 of this year at midnight to testify in the present case.

Counsel for Dr. Carson emailed counsel for Defendant to discuss the subpoena but by time of filing has not received any further communication by counsel for Defendant to set up a time to discuss.

## ARGUMENT

This Court should quash the subpoena directed at Dr. Carson because he can provide no testimony relevant to the issues and elements of the criminal case in the Superseding Indictment.

### I. DR. CARSON CANNOT PROVIDE ANY TESTIMONY SPECIFIC, MATERIAL, AND RELEVANT TO THIS CASE.

This Court has quashed a Rule 17(a) subpoena ad testificandum when the proposed third-party witness, a high-ranking administration official, could not provide testimony both "relevant and material" to the case. *See United States v. North*, 910 F.2d 843, 889 (D.C. Cir. 1990). "Although Rule 17(a), which governs [ad testificandum] subpoenas, does not provide explicitly for quashal or modification, courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles." *Stern v. United States Dist. Court*, 214 F.3d 4, 17 (1st Cir. 2000). These "comparable principles", sensibly, are the Rule 17(c) standards governing subpoenas duces tecum. *Id.* A court may quash a subpoena where a witness's compliance would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c). The Rule, therefore, requires that the party seeking the subpoena must establish the relevancy, admissibility, and specificity of the witness's potential

3

testimony. *United States v. Nixon*, 418 U.S. 683, 700 (1974). Furthermore, the Sixth Amendment's right of compulsory process does not guarantee criminal defendants the right to compel the attendance of any and all witnesses, as the Federal Rules of Criminal Procedure, including Rule 17, show. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 n.7 (1982). Thus, "a subpoena ad testificandum survives scrutiny" only when "the party serving it can show that the testimony sought is both relevant and material." *Stern*, 214 F.3d at 17 (citing *Valenzuela-Bernal*, 458 U.S. at 867).

This Court has adhered to this important standard. In *United States v. North*, the D.C. Circuit affirmed this Court's quashal of a subpoena ad testificandum to President Reagan, noting that the record simply contained no evidence that President Reagan could provide helpful testimony about the material elements of the prosecution's case against North or his defense. *North*, 910 F.2d at 889–92. North was charged with obstructing pending congressional inquiries and claimed President Reagan could corroborate his theory in defense, but whether North was following the President's orders was "immaterial to North's defense" under the controlling law. *Id.* at 889–90. North was charged with destroying, altering, and concealing official documents, but the record showed no involvement by President Reagan in ordering that. *Id.* at 891. The bottom line, for the court, was that President Reagan would not have presented to the jury "evidence relevant and material" to North's criminal defense were the President compelled to testify. *Id.* at 889.

The third-party subpoenas in the North case are analogous to the present case. As Dr. Carson's Declaration makes clear, he would provide no help to the administration of justice in this case. If Dr. Carson were compelled to attend and testify, he would not be able to provide anything specific of relevant substance. Dr. Carson, as was the case in

4

*North*, cannot provide any testimony material to Defendant Michel's defense, and the record in the present case shows no involvement by Dr. Carson, same again as in *North*. Dr. Carson is situated much like the subpoenaed third party in *North*: He was a high-ranking administration official with simply no relevant, specific, or material testimony about the prosecution's and defense's cases. *See In re Sealed Case*, 121 F.3d 729, 743 n.13 (D.C. Cir. 1997) (noting that the holdings of the D.C. Circuit in *North* and the two district courts were about "whether the subpoenas satisfied Rule 17(c)," not about the presidential communications privilege).

In fact, quashal here is even *more* warranted than in *North*, considering President Reagan was at least somewhat involved in the Iran-Contra scandal as President. *See North*, 910 F.2d at 946–50 (Silberman, J., concurring in part and dissenting in part). Dr. Carson knows nothing about 1MDB or Low's and Michel's schemes, was never involved in anything referenced in the Superseding Indictment, and had no official authority over anyone or anything involved or lobbied by Michel. At most, Dr. Carson perhaps "at one time or another met" some of the persons named or referenced in the Superseding Indictment, a tenuous connection not nearly enough to generate material, specific testimony. *See United States v. Poindexter*, 732 F. Supp. 173, 174 n.2 (D.D.C. 1990) (describing the scattershot of dozens of subpoenas ad testificandum by North's co-defendant John Poindexter as noncompliant with *Nixon*'s Rule 17 requirements in part because "many of the subpoenas to individual legislators were apparently based on nothing more than that they had at one time or other met with Oliver North."). This subpoena ad testificandum, then, is the exemplar subpoena warranting quashal under *Nixon* and *North*.

## CONCLUSION

For the reasons set forth above, Dr. Carson respectfully asks this Court to quash the subpoena issued to him in this case in its entirety.

DATED: February 17, 2023
Respectfully Submitted,

*[signature: Jonathan P. Lienhard]*

---

Jonathan P. Lienhard (D.C. Bar No. 474253)
Dennis Polio (D.C. Bar No. 198054)
HOLTZMAN VOGEL BARAN
TORCHINSKY AND JOSEFIAK PLLC
2300 N Street NW, Suite 643A
Washington, DC 20037
Phone: (202) 737-8808
Fax: (540) 341-8809

*Counsel for Hon. Benjamin Carson, M.D.*

6

**Certificate of Service**

  I hereby certify that if approved for filing, the foregoing document will be filed by the Clerk of the Court via the CM/ECF filing system which will serve the document on all counsel required to be served.

*/s/ Jonathan P. Lienhard*

Jonathan P. Lienhard (D.C. Bar No. 474253)
Dennis Polio (D.C. Bar No. 198054)
HOLTZMAN VOGEL BARAN
TORCHINSKY AND JOSEFIAK PLLC
2300 N Street NW, Suite 643A
Washington, DC 20037
Phone: (202) 737-8808
Fax: (540) 341-8809

*Counsel for Hon. Benjamin Carson, M.D.*

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Received: 2/17/2023
Sent to Chambers: 2/21/2023

TO: Judge Colleen Kollar-Kotelly

RE: Criminal Action No.: 19-148, USA v. Michel, et al

Please indicate on the face of **each document** whether leave to file is granted or denied.

Thank you

ANGELA D. CAESAR, Clerk of Court
By: _____

Attachment(s):

Should these documents be opened in a new miscellaneous case? Or should I keep them in the criminal case?

CO-930A
(Rev. 9/2011

They should stay in the crim'l case. Judge CKollar-Ktly
2/22/23