**KENNER LAW FIRM**
**DAVID KENNER, SBN 41425**
**16633 VENTURA BLVD., STE. 735**
**ENCINO, CA  91436**
**PHONE: (818) 995-1195**
**FAX: (818) 475-5369**
**EMAIL: DAVID@KENNERLAW.COM**

**ATTORNEY FOR DEFENDANT**
**PRAKAZREL MICHEL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 19-148-1 (CKK) |
| Plaintiffs, | DEFENDANT MICHEL'S RESPONSE IN OPPOSITION TO UNITED STATES' SECOND MOTION TO EXCLUDE WITNESSES. |
| vs. | |
| PRAKAZREL MICHEL, *ET AL*. | |
| Defendants. | The Honorable Colleen Kollar-Kotelly |

COMES NOW PRAKAZREL MICHEL, by and through counsel of record, and hereby files this response in opposition to Government's Second Motion to Exclude Witnesses.

The response is based on all the papers and records on file in this action and on such oral and documentary evidence as may be presented at the hearing on the motion.

///

///

- 1 -
DEFENDANT MICHEL'S RESPONSE IN OPPOSITION TO
UNITED STATES' SECOND MOTION TO EXCLUDE WITNESSES ES

# I

# INTRODUCTION

On March 2, 2023, the defense filed *ex parte* offers of proof for the following witnesses: former President William Clinton, former Governor Chris Christie, and Rudolph Giuliani. On March 5, 2023, the government moved to exclude any testimony from these witnesses. ECF No. 206. The defense now files its response in opposition to this motion.

# II

# FACTUAL BACKGROUND AND LEGAL STANDARDS

The defense incorporates by reference the following: (1) Offers of proof filed *ex parte* for these witnesses on March 2, 2023; (2) Legal Standards discussions filed previously in Defendant's Response in Opposition to United States' Motion to Exclude Witnesses (ECF No. 195 at 3-5) and Defendant's Motion to Reconsider Order Granting United States' Motion to Exclude Witnesses (ECF (pending) filed on March 9, 2023.

# III

# ARGUMENTS

**A. Former President Bill Clinton**

As outlined in a previous submission, Frank White, Obama's former chief fundraiser, had used Mr. Michel to get into the pocket of Jho Low between 2012 and 2014. Part of that scheme involved White and Jho Low working together to enter a sham deal with 1MDB that would net millions of White. ECF No. 195 at 9-13. As part of this scheme, Frank White and Shomik Dutta, the two founders and directors of DuSable Capital Management, sought former President Clinton's assistance in pulling off the deal. President Clinton would be expected to testify (1) that White had

reached out to him in 2013 to assist DuSable in pitching a solar energy project in Malaysia and specifically to 1MDB;[1] (2) that in October 2013, White asked him to travel to Malaysia to meet with Prime Minister Razak and vouch for White and White's proposed project in Malaysia, noting that President Clinton could use the opportunity to pitch an investment by 1MDB in a solar energy project by the Clinton Global Initiative in Detroit;[2]  (3) that in February 2014, at the behest of White, President Clinton reached out directly to Prime Minister Razak to vouch for White and pitch White's deal and Clinton' Detroit deal;  (4) that two months later, White then enlisted President Clinton again to vouch for White because White needed to complete the sham deal by selling DuSable's rights to develop solar power plants in Malaysia; (5) that White, in exchange for President Clinton's help, would apply pressure on 1MDB to participate in the Detroit initiative and also host a fundraiser for Hilary Clinton that Jho Low would attend; (6) that White also made a contribution in 2014 to the Clinton Foundation in the range of $1,000,001 to $5,000,000[3]

This testimony is relevant because it would show that Frank White, a chief accuser of Mr. Michel, has lied to the FBI and DOJ about Mr. Michel and that it was White working with Jho Low to get access to and influence with government officials for his financial benefit.

**B. Rudolph Giuliani**

In 2016, the DOJ initiated various civil forfeiture actions against assets allegedly purchased by funds embezzled by Jho Low from 1MDB. When Jho Low asked Mr. Michel in early 2017 to assist him in finding new legal representation in these pending forfeitures actions and

---

[1] DOJ-0002621445 (Frank White emails).
[2] DOJ-0002812973 (Frank White text messages).
[3] https://www.washingtonpost.com/graphics/politics/clinton-foundation-donor-list/

investigations, Mr. Michel asked his attorney, George Higginbotham, for help. Higginbotham suggested either David Boies or Rudy Giuliani. help identify an attorney for Jho Low.[4]

When Mr. Michel proposed to Jho Low that he retain Mr. Giuliani, Jho Low rejected the idea, stating that he had already paid several millions to Mr. Giuliani and had gotten nothing in return. Elliott Broidy, Nickie Lum Davis, and George Higginbotham all told the FBI about Jho Low's statement. (DOJ-0000095132 at 11; DOJ-0000094692 at 5; DOJ-0000105605 at 1-2). Broidy even reported that the money to Mr. Giuliani came from a third person, and not directly from Low but through Pheng Laogumnerd, the same person that the government now alleges paid Mr. Michel to advocate for Jho Low. (DOJ-0000094692 at 5).  Open sources states that Mr. Guiliani met with the DOJ about his alleged work for Jho Low[5],but the DOJ has not produced any 302s or statements documenting such interviews.

Mr. Giuliani's testimony is relevant for several reasons: he would be expected to confirm or deny whether he advocated for Jho Low and whether he or his law firm received money directly or indirectly for such advocacy; he would also be expected to confirm that he never appeared as counsel of record in any civil forfeiture proceedings involving Jho Low's assets, and also that he never registered with FARA in connection with any agreement he had to represent Jho Low's interests with government officials.

Mr. Giuliani's testimony is relevant as it relates to the state of mind of Mr. Michel on the FARA counts. Mr. Michel could look at Mr. Giuliani's involvement in Jho Low's legal matters as an indication that it was perfectly within the bounds of law to help Jho Low on his legal matters pending in the United States. Mr. Michel could consider how Mr. Giuliani got paid through a proxy

---

[4] DOJ-0000096356 at 5.
[5] https://www.washingtonpost.com/opinions/2019/12/16/rudy-inc/?arc404=true

for Jho Low and that, combined with the legal advice of his attorney, George Higginbotham, had every reason to believe that he was acting within the bounds of law if Jho Low used a proxy to pay for legal or legal-related services.

Mr. Guiliani's testimony is also relevant because, if Jho Low's reports about Giuliani were true, this would provide additional evidence that the DOJ's prosecution of Mr. Michel is the product of selective enforcement. Mr. Guiliani was not prosecuted. Steve Wynn was not prosecuted. George Higginbotham, a DOJ lawyer at the time of these events, was not prosecuted for a FARA violation. The same can be said for several hours. The defense understands that the Court has barred any defense based on selective prosecution, but these latter items are referenced to show what types of evidence the defense would have presented to pursue the defense.

### C.     Former Governor Chris Christie

Tim Leissner is a former Goldman Sachs banker who has pleaded guilty to laundering money embezzled from 1MDB. He told the FBI that he had met with Jho Low in Bangkok in October 2017 and that Jho Low had told him that he had hired Chris Christie to use his influence with President Trump to resolve his legal problems in the United States. (DOJ-0000105805 at 38). According to Leissner, Low also said that both Christie and Broidy were talking with Jared Kushner about his case and that Rex Tillerson had spoken with Prime Minister Razak. *Id.* In a later interview, Leissner reported that Jho Low had promised Christie "a very large success fee." (DOJ-0000106003 at 9). Elliott Broidy also told the FBI that Chris Christie and Mark Kasowitz, President Trump's personal attorney, had been hired by Jho Low and both had been paid by Pheng Laogumnerd, who the DOJ alleges made payments to Mr. Michel as a proxy for Jho Low.[6]

---

[6] DOJ-0000094692 at 5.

Former Governor Christie would be expected to testify: (1) that he was still the governor of New Jersey throughout 2017; (2) that in April 2018, he opened a law practice out of his home; (3) that although he was not listed as counsel of record in the 1MDB civil forfeiture action pending in the Central District of California, he had approached the United States Attorney for the Central District of California about settling the pending forfeiture action;[7] (4) that neither he nor his law firm registered with the FARA unit;  and (5) that the government later entered a consent decree to resolve the case, and the decree included payment of $15M to Jho Low's counsel of record (Kobre & Kim) and the Christie Law Firm LLC, even though neither former Governor Christie nor his law firm were counsel of record. *United States v. Any Rights to Profits, Royalties, Distribution Proceeds Owned by Owed relating to EMI Music Publishing Group,* US D. Ct. Central D. of CA, CV 16-5364 (PLA), ECF 182 at 8, ¶ 14 (Consent Decree).

This testimony would be relevant to Mr. Michel's state of mind on the FARA counts: as in the case of Mr. Giuliani, Mr. Michel can look upon Christie's arrangement and payment arrangement as a sign that providing legal services for Jho Low was a legitimate endeavor. Former Governor Christie's  testimony is also relevant because, if Tim Leissner and Elliott Broidy's reports are correct, this would provide additional evidence that the DOJ's prosecution of Mr. Michel is the product of selective enforcement when others, including Christie and Mark Kasowitz, President Trump's personal attorney, are receiving payments from a foreign proxy for Jho Low, and not facing prosecution. These are fair and relevant questions, and the defense sets these forth to show what additional types of evidence it would have offered had the Court not barred Mr. Michel from asserting a selective prosecution defense.

---

[7] (DOJ-0002809103 at 6).

# IV

# CONCLUSION

For the reasons set forth above, Defendant Pras Michel requests that the Court deny the United States' Second Motion to Exclude Witnesses.

DATED: March 9, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**/s/ David Kenner**
　　　　　　　　　　　　　　　　　　　　David E. Kenner
　　　　　　　　　　　　　　　　　　　　Kenner Law Firm
　　　　　　　　　　　　　　　　　　　　16633 Ventura Blvd., Suite 735
　　　　　　　　　　　　　　　　　　　　Encino, CA 91436
　　　　　　　　　　　　　　　　　　　　(818) 995-1195
　　　　　　　　　　　　　　　　　　　　Email: david@kennerlaw.com
　　　　　　　　　　　　　　　　　　　　CA Bar No.: 41425
　　　　　　　　　　　　　　　　　　　　Counsel for Defendant

　　　　　　　　　　　　　　　　　　　　**/s/ Charles Haskell**
　　　　　　　　　　　　　　　　　　　　Charles R. Haskell
　　　　　　　　　　　　　　　　　　　　The Law Offices of Charles R. Haskell
　　　　　　　　　　　　　　　　　　　　641 Indiana Ave. NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　　　(202) 888-2728
　　　　　　　　　　　　　　　　　　　　Email: Charles@CharlesHaskell.com
　　　　　　　　　　　　　　　　　　　　DC Bar No.: 888304007
　　　　　　　　　　　　　　　　　　　　Retained Counsel for the Defendant

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that the foregoing is true and correct this 9th day of March 2023, at Washington D.C., and that this document is executed under penalty of perjury according to the laws of the United States of America.

_____
Charles R. Haskell
Attorney at Law