IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Crim. No. 1:19-cr-148** |
| | ) | |
| PRAKAZREL MICHEL, | ) | |
| LOW TAEK JHO | ) | |

**UNITED STATES' MOTION TO EXCLUDE REFERENCES TO GUO WENGUI PROSECUTION**

The defendant, Prakazrel Michel, is charged, *inter alia*, with participating in an undisclosed foreign influence campaign in which he received tens of millions of dollars to serve as an agent of both a foreign principal, Low Taek Jho, and of the government of the People's Republic of China (PRC). Relevant to this motion, the Superseding Indictment in this case alleges that the defendant acted as an agent for the PRC government by agreeing and attempting to seek the extradition of Guo Wengui, an outspoken PRC critic living in the United States. *See* Superseding Indict., ECF No. 84. At trial, evidence will show that the defendant and his co-conspirators met with a PRC government official and agreed to advise high-ranking U.S. government officials to send Guo back to China. Unrelated to this case, a 12-count indictment was unsealed in the Southern District of New York on March 15, 2023, charging Guo with several criminal offenses including fraud and money laundering. *See United States v. Guo Wengui*, 1:23-cr-118 (S.D.N.Y.). The charges and allegations in the indictment have no connection or relation to this case, and the government has no intention of calling Guo as a witness at trial. Guo's prosecution has no bearing on the defendant's case and should not be referenced at trial, whether through questions, evidence, or argument. The government moves to exclude any such reference to Guo's arrest or federal criminal case at the defendant's trial.

**ARGUMENT**

Evidence is only admissible if it is relevant, *see* Fed. R. Evid. 402, and only relevant if "it has any tendency to make a fact more or less probable than it would be without other evidence; and . . . the fact is of consequence in determining the action," Fed. R. Evid. 401.  Moreover, even when evidence is relevant, a court may exclude it if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *see also United States v. McGill*, 815 F.3d 846, 880 (D.C. Cir. 2016).

In the indictment unsealed in the Southern District of New York on March 15, 2023, Guo is alleged to have "conspired to defraud thousands of victims of more than approximately $1 billion[]" by using "a series of complex fraudulent and fictitious businesses and investment opportunities," thus allowing Guo and his co-conspirators "to solicit, launder, and misappropriate victim funds."  1:23-cr-118, ECF No. 2 ¶ 1 ("Indict.").  Guo's schemes involved obtaining money from investors through fraudulent endeavors including an illegal stock offering, "loans," an online membership club, and a "cryptocurrency ecosystem," all occurring between approximately 2018 and March 2023.  *Id.* ¶¶ 12-22, 25 (internal quotation marks omitted).  Based on his alleged misconduct, Guo was charged with conspiracy, wire fraud, securities fraud, money laundering, and unlawful monetary transactions.  *Id.*

None of the allegations and charges against Guo, pursued by the U.S. Attorney's Office for the Southern District of New York, concern the PRC government's efforts to extradite Guo in and around 2017, or the agreement and actions of the defendant and his co-conspirators to assist the PRC government in those efforts.  That Guo is charged in a federal indictment involving alleged conduct occurring after the crimes alleged against the defendant in this case has no bearing

on whether the defendant committed the crimes for which he is charged. And because Guo will not be a testifying witness, there is no basis to present his criminal case as impeachment evidence at the defendant's trial.

Because Guo's federal criminal case is wholly irrelevant to this matter, it should be excluded under Rule 402. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). However, even if it had some limited probative value, which it does not, Rule 403 still would require its exclusion at trial. Any reference to Guo's arrest or indictment at trial would compel the jury to consider the criminal conduct of an individual who is neither a party or a witness and whose conduct is factually dissimilar to, and has no connection with, the crimes for which the defendant is charged. Such references would confuse the issues, mislead the jury, and waste time and resources at trial. *Cf. United States v. Perkins*, 937 F.2d 1397, 1401 (9th Cir. 1991) (affirming exclusion of evidence related to "several extraneous robberies" purportedly committed by a third party under Rule 403 in part).

## CONCLUSION

The recent arrest and indictment of Guo Wengui in the Southern District of New York for fraud and money laundering is completely unrelated and immaterial to this case. Accordingly, there is no basis for the defendant to raise Guo's prosecution, whether through questions, evidence, or argument. At issue in this case are the defendant's alleged criminal acts involving foreign and conduit contributions, undisclosed foreign lobbying, lying to financial institutions, and witness tampering, among other offenses. None of the allegations or charges against the defendant implicate or relate to Guo's alleged crimes. The Court, therefore, should grant the government's motion and exclude any reference at trial to Guo's arrest or federal criminal case.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By:  /s/ Sean F. Mulryne
    John D. Keller
    Principal Deputy Chief

    Sean F. Mulryne
    Director of Enforcement & Litigation
    Election Crimes Branch

    Nicole Lockhart
    Trial Attorney
    1301 New York Ave., NW
    Washington, DC 20530
    Telephone:  202-514-1412
    Facsimile:   202-514-3003
    john.keller2@usdoj.gov
    sean.mulryne@usdoj.gov
    nicole.lockhart@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will serve counsel for the Defendant via electronic notification.


Dated:  March 16, 2023                                                        */s/ Sean F. Mulryne*
                                                                             Sean F. Mulryne