IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Crim. No. 1:19-cr-148 |
| | ) |
| PRAKAZREL MICHEL, | ) |
| LOW TAEK JHO | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR TRIAL CONTINUANCE**

In 2017, the government of the People's Republic of China ("PRC") worked for months through multiple channels to convince the United States to deport Guo Wengui, a Chinese national and vocal critic of the PRC government seeking refuge in the United States. In Count Ten of the Superseding Indictment, the defendant is charged with acting as an agent of the PRC government by assisting in the effort to have Guo sent back to China. The PRC government accused Guo of various crimes, but whether Guo committed those crimes or others is not at issue in this case. Guo is not being called as a government witness, and he is not on trial. What matters is whether the defendant agreed to operate subject to the direction or control of the PRC government, regardless of whether the defendant believed Guo to be a criminal. Moreover, the recent Guo indictment cited by the defendant in his Motion for Trial Continuance charges conduct from 2018 to 2023, after the defendant's alleged conduct in this case. Guo's alleged involvement in unrelated crimes after 2017 has no possible bearing on the defendant's guilt. The recent Guo indictment provides no basis to continue this trial.

**BACKGROUND**

On March 15, 2023, a twelve-count indictment was unsealed in the United States District Court for the Southern District of New York charging Guo (a/k/a Kwok) with wire fraud, securities

1

fraud, bank fraud, and money laundering. *United States v. Ho Wan Kwok*, No. 23-cr-118 (S.D.N.Y. 2023), Indictment, ECF No. 2. Guo was arrested the same day. The charges stem from a conspiracy to use Guo's "prolific online presence and hundreds of thousands of online followers to solicit investments in various entities and programs by promising outsized financial returns and other benefits." *Id.* at 2. The time period charged in the Guo indictment is from "at least in or about 2018 to at least in or about March 2023." *Id.* at 1. No reference to any criminal conduct prior to 2018 is included in the indictment. The only reference to 2017 is an allegation that Guo garnered "a substantial online following" during that year. *Id.* at 3-4.

The undersigned prosecutors had no involvement in the Guo investigation and were unaware of the matter until receiving notice in early March 2023 of the impending charges. The prosecutors in this case have discussed the Guo investigation with the Guo prosecutors. The defendant is not a target, subject, or witness in the Guo prosecution and the investigation and evidence in that matter are not focused on the defendant or any of the co-conspirators charged in this case. The undersigned prosecutors have not reviewed the voluminous evidence underlying the Guo prosecution because that case relates to different conduct at a different time and is being handled by prosecutors in an entirely separate office. The prosecutors on the two matters had no contact, much less coordination, during the investigations of the separate matters. *See United States v. Chalmers*, 410 F. Supp. 2d 278, 289-90 (S.D.N.Y. 2006) (noting that "a monolithic view of government would condemn the prosecution of criminal cases to a state of paralysis" and holding that "the prosecution must disclose documents material to the defense (1) that it has actually reviewed, or (2) that are in the possession, custody, or control of a government agency so closely aligned with the prosecution so as to be considered part of the 'prosecution team.'").

The recent discovery referenced by the defense in their motion, Mot. to Continue at 7, did not come from the Guo prosecutors. During the charged conduct in this case, the defendant obtained recordings of Guo and Jeh Johnson and provided them to the FBI. The recordings are not admissible, but because the defendant referenced the recordings in his offer of proof at the *Daubert* hearing on January 20, 2023, Transcript of Daubert Hearing, ECF No. 190-1, at 67-69, the prosecution team produced the recordings to the defendant in an abundance of caution, given the defendant's proffered intent to call Johnson. The Court has since excluded Johnson as a witness. ECF No. 207.

## ARGUMENT

The evidence underlying the recently filed charges against Guo Wengui is not relevant or admissible in this case. Guo is not a witness, a defendant, or an alleged alternative perpetrator of the defendant's crimes. The evidence of his wrongdoing has no impeachment or exculpatory value. *See United States v. Wilson*, 605 F.3d 985, 1005 (D.C. Cir. 2010) (Noting in the context of *Brady*, that "[t]he evidence at issue must [1] be favorable to the accused, either because it is exculpatory, or because it is impeaching."). Further, the conduct underlying the Guo indictment occurred after the defendant's conduct in this case—there is no overlap. The defendant could not possibly have known in 2017 about the conduct alleged in the recent Guo indictment because it occurred in 2018 through 2023. The underlying evidence of Guo's alleged crimes is not discoverable or admissible, and there is no basis for a continuance of trial.

"The Supreme Court has made clear that not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel, as judges necessarily require a great deal of latitude in scheduling trials." *United States v. Gantt*, 140 F.3d 249, 256 (D.C. Cir. 1998) (internal quotation

3

marks and citation omitted).  "In short, a trial judge enjoys great discretion in ruling on a motion for continuance."  *United States v. Ashton*, 555 F.3d 1015, 1019 (D.C. Cir. 2009) (internal quotation marks and citation omitted).  In evaluating a motion for a continuance, the Court should generally consider, among other things, "the likelihood the evidence will be favorable and relevant to the defense."  *Id.* at 1020.

Evidence of Guo's alleged fraud scheme from 2018 through 2023 could not make it "more or less probable" that the defendant acted as an agent of the PRC government in 2017.  Fed. R. Evid. 401.  The defendant could not have known of Guo's conduct because it had not happened yet.  Thus, Guo's conduct could not have influenced the defendant.  The government anticipates affirmatively introducing evidence that the PRC government accused Guo of multiple crimes when seeking his return from the United States in 2017.  Whether Guo actually committed those crimes or other offenses is not relevant because even if Guo were a criminal, it was still illegal for the defendant to act as an agent of the PRC government in the effort to remove Guo from the United States.  Further, any extrinsic evidence of Guo's allegedly criminal conduct would be prohibited under Federal Rule of Evidence 403 based on unfair prejudice and the waste of time that would result from mini-trials on collateral issues.  *See, e.g.*, *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) ("unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (internal quotation marks omitted) (citing Advisory Committee's Note, Fed. Rule Evid. 403); *United States v. Fonseca*, 435 F.3d 369, 376 (D.C. Cir. 2006) ("Going down this road, then, would have led to both delay and a 'mini-trial' on a collateral matter, two of the problems that Rule 403 seeks to avoid.").  The evidence underlying the Guo prosecution is not relevant to the defense, is not admissible at trial, and provides no basis for a continuance.

**CONCLUSION**

Evidence of criminal conduct or other wrongdoing by Guo does not make it more or less likely that the defendant agreed to operate subject to the direction or control of the PRC government. The conduct at issue in the Guo prosecution occurred after the events in this case and could not have influenced the defendant. There is no basis for a continuance. The defendant's motion should be denied.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By: _/s/ John D. Keller_
    John D. Keller
    Principal Deputy Chief

    Sean F. Mulryne
    Director of Enforcement & Litigation
    Election Crimes Branch

    Nicole Lockhart
    Trial Attorney
    1301 New York Ave., NW
    Washington, DC 20530
    Telephone:  202-514-1412
    Facsimile:   202-514-3003
    john.keller2@usdoj.gov
    sean.mulryne@usdoj.gov
    nicole.lockhart@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will serve counsel for the Defendant via electronic notification.

Dated:  March 18, 2023                                                    */s/ John D. Keller*
                                                                                          John D. Keller