IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 1:19-cr-148 |
| ) | |
| PRAKAZREL MICHEL, ) | |
| LOW TAEK JHO ) | |

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES'
MOTION TO EXCLUDE REFERENCES TO GUO WENGUI PROSECUTION**

The defendant, Prakazrel Michel, argues that the recent indictment and underlying criminal allegations against Guo Wengui are admissible at trial in this case to rebut the characterization of Guo "as an honorable man," Opp., ECF No. 231 at 2, and to show that the defendant "was acting in America's interest" presumably through his efforts to have Guo deported back to China, *id.* at 3. The defendant's arguments are misguided and misrepresent the government's accusations and assertions in this case.

First, it is irrelevant whether Guo is virtuous or dastardly, innocent or guilty.[1] Whether Guo committed fraud, money laundering, or any of the other charges against him in his pending federal criminal case has no bearing on whether the defendant acted as a foreign agent of the Chinese government when seeking Guo's extradition as charged in this case. The defendant may seek to offer testimony that he believed that Guo was a criminal, and indeed, such a belief, if true,

---

[1] The defendant claims that the government has cast Guo "as an honorable man," ECF No. 231 at 2, victimized by the Chinese government, *id.* at 3. The government has highlighted Guo's public criticism of the Chinese Communist Party but has not commented at all on whether Guo engaged in any criminal conduct in China or in the United States. More importantly, whether Guo actually committed any crimes is irrelevant. The defendant's beliefs about Guo may be relevant to his motive or defense but that is the limit of relevance as to any testimony or evidence about Guo's conduct. Nonetheless, Guo's conduct at issue in his federal criminal case and in this motion occurred after the defendant's charged conduct, and therefore could not have informed the defendant's actions during his conspiracy and the relevant period in 2017.

1

may have partially animated the defendant's agency on behalf of the Chinese government, in addition to the tens of millions of dollars he was being paid.  But because the government does not intend to call Guo as a witness, allegations and evidence of his criminal conduct cannot be used at trial to impeach him and is not otherwise relevant.  Put simply, Guo's actual conduct—as opposed to the defendant's beliefs—does not make it "more or less probable" that the defendant violated 18 U.S.C. § 951.  Fed. R. Evid. 401.  This is especially true considering the conduct charged in the Southern District of New York occurred after the defendant's undisclosed foreign influence campaign.  *See United States v. Guo Wengui*, 1:23-cr-118 (S.D.N.Y.), ECF No. 2 (Indictment).

The defendant proposes to conduct a mini-trial within his own trial, presenting evidence about Guo to show that he is "a long-standing corrupt thief and rapist who should have been returned to China."  ECF No. 231 at 3.  This is exactly the sort of distracting tangent that Rule 403 guards against.  To present evidence or argument at trial about Guo's alleged criminal conduct will serve only to confuse the issues, mislead the jury, and waste time and resources.  *See* Fed. R. Evid. 403.

Because Guo's indicted case in the Southern District of New York has no connection with or relation to this case, substantively or temporally, it is irrelevant to the defendant's charged conduct here, and the reference to Guo's indicted case at trial will cause substantial, unfair prejudice to the government's case in this matter.  The government's Motion to Exclude References to Guo Wengui Prosecution, ECF No. 222, should be granted.

//
//
//

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By: */s/ Sean F. Mulryne*
    John D. Keller
    Principal Deputy Chief

    Sean F. Mulryne
    Director of Enforcement & Litigation
    Election Crimes Branch

    Nicole Lockhart
    Trial Attorney
    1301 New York Ave., NW
    Washington, DC 20530
    Telephone:  202-514-1412
    Facsimile:   202-514-3003
    john.keller2@usdoj.gov
    sean.mulryne@usdoj.gov
    nicole.lockhart@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will serve counsel for the Defendant via electronic notification.

Dated:  March 21, 2023                                          */s/ Sean F. Mulryne*
                                                                                        Sean F. Mulryne