UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PRAKAZREL MICHEL,<br><br>Defendant. | Criminal Action No. 19-148-1 (CKK) |

ORDER
(March 22, 2023)

Before the Court is Defendant's [223] Motion for Trial Continuance and the Government's [222] Motion to Exclude References to Guo Wengui Prosecution. On March 6, 2023, a grand jury sitting in the Southern District of New York returned an indictment against, *inter alia*, Guo Wengui, a Chinese national living in the United States. That indictment charges Guo with various fraud offenses and money laundering in connection with a conspiracy beginning in 2018 to defraud American investors in Guo's allegedly "fraudulent and fictitious businesses and investment opportunities." Indictment, ECF No. 2 ¶¶ 1-2 ("Guo Indictment"), *United States v. Kwok*, Crim. A. No. 23-118 (AT) (S.D.N.Y. Mar. 6, 2023) ("Guo Case"). In this case, Defendant is charged with violating, among other laws, 18 U.S.C. § 951 and the Foreign Agents Registration Act ("FARA") in an illicit conspiracy to convince the American government to return Guo to the People's Republic of China. Superseding Indictment, ECF No. 84 ¶ 107. Under penalty of perjury, a prosecutor involved in the Guo Case has represented that Defendant here "is not, and has never been, a witness, target, [or] subject" of the investigation leading to the Guo Case, nor was the prosecution team involved in the Guo Case in contact with the prosecution team involved in this case. Declaration of Juliana N. Murray, Esq., ECF No. 233 ¶¶ 5, 8 (Mar. 20, 2023).

1

Nevertheless, Defendant argues that the Government must produce documents residing in the files of the Guo Case and in the files of other government agencies as *Brady* material and that the Court must continue the trial date to afford counsel for Defendant adequate to review any such forthcoming productions. ECF No. 230 at 2 (Guo Case); ECF No. 239 at 7-8 (all of Department of Justice and FBI, Department of State, Department of Homeland Security, and United States Citizenship and Immigration Services). For its part, the Government contends that any material in the Guo Case is not *Brady* material, and, moreover, that any mention of the Guo Case should be excluded from trial as violative of Federal Rules of Evidence 401 and 403.

*Brady* requires the Government to produce all "evidence favorable to the accused . . . whether the evidence is material either to guilt or to punishment" within the prosecution's possession or control. *See In re Sealed Case*, 185 F.3d 887, 892 (D.C. Cir. 1992). The prosecution's possession or control extends not just to the prosecutor's own file, but evidence "known to [any] others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). That said, the prosecutor need not search all of the state or federal government for *Brady* material, only those parts that are part of the "prosecution team." *See, e.g.*, *United States v. Sheppard*, Crim. A. No. 21-203 (JDB), 2022 WL 17978837, at *11 (D.D.C. Dec. 26, 2022) (citing *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992)). What precisely constitutes the "prosecution team" is generally "fact-intensive" and best resolved on a "case-by-case basis." *United States v. Libby*, 429 F. Supp. 2d 1, 9 (D.D.C. 2006). Usually, however, the question turns on whether another entity "'actually contributed to the investigation

by locating' evidence" or assisted in some other way. *Id.* (quoting *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995)).[1]

Here, the Court is not inclined to view the entirety of the Department of Justice and the Federal Bureau of Investigation as a "monolith[]." *Cf. United States v. Chalmers*, 410 F. Supp. 2d 278, 289 (S.D.N.Y. 2006) (Chin, J.) (holding that *Brady* did not extend to information in possession of State Department, among others). Approximately 115,000 people work at the Department of Justice,[2] and about 35,000 people work at the FBI.[3] To require a prosecutor within the Department of Justice to seek out any investigation involving all individuals common to their own would grind a complex prosecution to a halt. *See id.* More importantly, where one prosecution team has not worked with another, the two cannot be said to be working on "the [same] case." *See Kyles*, 514 U.S. at 437; *see also United States v. Volpe*, 42 F. Supp. 2d 204, 221 (E.D.N.Y. 1999) (concluding that two distinct prosecution teams within a single United States Attorney's Office were not the "prosecution team" for *Brady* purposes). Because no prosecutor or investigatory agent on this case worked on the Guo Case, the Government is not obligated to search the Guo Case's files for *Brady* material. Nor is the Government obligated to search of the files of any other Government agency, because no other agency (other than the Department of Justice's Office of Inspector General) assisted in the instant prosecution.

---

[1] In a "supplement" (more accurately characterized as a surreply), Defendant cites to a similar test laid out in Department of Justice regulations. ECF No. 239 at 5.
[2] DOJ, *About DOJ*, available at
https://www.justice.gov/about#:~:text=Under%20the%20leadership%20of%20the%20Attorney%20General%20of,separate%20component%20organizations%20and%20more%20than%20115%2C000%20employees., (last accessed March 20, 2023 at 10:39 PM ET).
[3] FBI, *How many people work for the FBI?*, https://www.fbi.gov/about/faqs/how-many-people-work-for-the-fbi (last accessed March 20, 2023 at 10:42 PM ET).

This conclusion does not, however, release the Government from its obligations under *Giglio* and the Jencks Act. The Government has indicated that it will call FBI Agent Andrew Zitman who will, evidently, offer at least some testimony regarding one or more meetings Defendant had with Agent Zitman regarding the People's Republic of China's efforts (allegedly through Michel) to secure Guo's extradition back to China. The Government represents that Agent Zitman did not work on this matter or the Guo Case in any law enforcement capacity, and is merely a witness to Michel's alleged criminal conduct through meetings with Michel in Agent Zitman's capacity as a counterintelligence officer.[4] Notice, ECF No. 236 ¶ 3 (Mar. 21, 2023). Defendant has argued that he understood through those meetings that he was acting lawfully. Therefore, any documents Agent Zitman created related to those meetings (or meeting) is key evidence that goes directly to Defendant's state of mind at the time of the charged conspiracy, and may well constitute *Giglio* and Jencks material. That said, because Agent Zitman did not work on this case, and is merely a witness to allegedly criminal conduct, documents within Agent Zitman's custody or control are not *Brady* material. *See Volpe*, 42 F. Supp. 2d at 221; *Libby*, 429 F. Supp. 2d at 9.

During the March 21, 2023 hearing on the instant motions, Defendant clarified his first argument that Guo's bad acts go to Defendant's state of mind. The logic is admittedly tenuous, but valid. Defendant maintains that he viewed Guo as a nefarious actor, and that his return to the People's Republic of China would serve American interests. Because of this view, Defendant maintains, he did not know that he was acting at the direction of China, defeating the mental state for 18 U.S.C. § 951, or that he must register under FARA, defeating the mental state for 22 U.S.C.

---

[4] In his surreply, Defendant accuses the Government of "gaslighting" the Court and Defendant by maintaining the Zitman did not work on this case or the Guo Case in a law enforcement capacity. Defendant offers only innuendo to suggest that the Government is lying to the Court. Without more, the Court will take the Government at its word.

4

§ 618.[5] In other words, Defendant maintains that he did not act "willfully," which the Government must show beyond a reasonable doubt as to FARA, *United States v. Michel*, 2023 WL 2388501, at *7 & n.6 (D.D.C. Mar. 6, 2023), or "knowingly," which the Government must show beyond a reasonable doubt as to section 951, *United States v. Dumeisi*, 424 F.3d 566, 581 (7th Cir. 2005).

"Willful," to be sure, is a "word of many meanings." *Spies v. United States*, 317 U.S. 493, 497 (1943). Generally, however, an act is taken "willfully" when done "with knowledge that [that act] was unlawful." *Bryan v. United States*, 524 U.S. 184, 191-92 (1998) (internal quotation marks omitted); *see also United States v. Moore*, 612 F.3d 698, 703 (D.C. Cir. 2010) (Kavanaugh, J., concurring). At the same time, under some circumstances, the Supreme Court has noted that a "good faith" reliance on circumstances leading to a reasonable belief that one's conduct is lawful negates a "willful" mental state. *See Cheek v. United States*, 498 U.S. 192, 201 (1991). Knowledge of particular circumstances, however, is subjective, and revolves around what a defendant perceived at the time. *See United States v. Zeese*, 437 F. Supp. 3d 86, 98-99 (D.D.C. 2020).

Therefore, any events that occurred after the charged conduct in this case cannot speak to circumstances upon which Defendant may or may not have relied at the time of the charged offenses. As such, any material related to the offenses charged in the Guo Case, which predominantly occurred after the conduct charged in this case,[6] cannot constitute *Brady* material.

---

[5] To be clear, this argument is distinct from maintaining that Defendant did not *in fact* act as an agent for China. Even someone who "agrees to operate subject to a more hands-off form of 'direction'—as an agent-independent contractor [might]"—still falls within section 951's ambit. *United States v. Rafiekian*, 991 F.3d 529, 540 (4th Cir. 2021). Moreover, and as the Court noted in its [237] Order, an agent need not "be effective or successful, or [] act out of any particular motive" to in fact act as a foreign agent; it suffices that he simply "be subject to a foreign government's 'direction or control.'" *United States v. Angwang*, Crim. A. No. 20-442 (EK), 2022 WL 3223187, at *2 (E.D.N.Y. Aug. 8, 2022).

[6] Although the Guo Indictment charges criminal conduct beginning in 2018, which overlaps with the operative indictment in this case by approximately one month, the vast majority of the indictment in the Guo Case alleges acts occurring in 2020 and later. *Compare, e.g.*, Guo

Although negative material about Guo that corroborates Michel's subjective beliefs about Guo (to the extent they bear on whether Michel thought he was acting lawfully) *may* be *Brady* material, Michel must have actually been aware of that material at the time he formed his beliefs. Because the Guo Case charges Guo with criminal conduct that occurred after Michel's meetings with the FBI to secure Guo's release, any mention of the Guo Case does not bear on Michel's mental state at the time of the meetings or any other material fact at issue.

In his surrpely, Defendant offers another clarification, maintaining that Michel lacked not just the requisite mental state, but also that he did not complete conduct proscribed under section 951. ECF No. 239 at 6. He frames the salient legal question as follows: "was Defendant Michel acting as an agent of or at the direction of China, or was he acting in the interests of America." ECF No. 239 at 6. This is a false dichotomy. Again, as the Court explained in its last order, ECF No. 237 at 7, Michel can still act as China's agent while nevertheless serving (subjectively or objectively) American interests, in violation of 18 U.S.C. § 951 and FARA. *See United States v. Angwang*, Crim. A. No. 20-442 (EK), 2022 WL 3223187, at *2 (E.D.N.Y. Aug. 8, 2022) ("Section 951(a) does not require that an 'agent' be effective or successful, or that he act out of any particular motive—only that he be subject to a foreign government's 'direction or control.'"); *United States v. Chaoqun*, Crim. A. No. 18-611, 2023 WL 112576, at *2 (N.D. Ill. Jan. 5, 2023) (same). More generally, even someone who "agrees to operate subject to a more hands-off form of 'direction'––as an agent-independent contractor [might]"—still falls within section 951's ambit. *United States v. Rafiekian*, 991 F.3d 529, 540 (4th Cir. 2021). Therefore, all evidence as to any purportedly nefarious action Guo has ever taken is not necessarily *Brady* material.

---

Indictment ¶¶ 1, 16, 22, 23 24 *with, e.g.*, Superseding Indictment, ECF No. 84 ¶ 105. Of the twelve counts charged in the Guo Indictment, only two counts, those involving purported money laundering, include conduct from 2018. *Id.* ¶¶ 47, 49.

6

As to Guo's ostensibly offensive conduct prior to or during the period of the charged conspiracies in this case, the Court stresses that it will not permit a minitrial on Guo's legal or moral culpability.  The Court will permit defense counsel to elicit at trial only that information of which Defendant was aware at the time and upon which Defendant relied in coming to his understanding of his legal obligations.  The probative value of eliciting anything further would be substantially outweighed by the waste of time that discussion would entail and the risk of distracting the jury from the key element Defendant intends to place at issue:  his state of mind at the time of the charged offenses.

With this legal background in mind, it does not appear that the Government has withheld *Brady* material.  The Government has represented that it has produced all materials in its prosecution file that "depict[] Guo in a negative light."  Notice, ECF No. 236 ¶ 2 (Mar. 21, 2023). That universe of material includes documents or statements of which Defendant might have been aware in coming to believe that he was acting lawfully at the time of the charged conduct. Therefore, Defendant has received all *Brady* material, and counsel for Defendant represented that he had, in fact, received *Giglio* and Jencks material already for Agent Zitman.  Seeing no reason to continue the trial, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant's [223] Motion for Trial Continuance and the Government's is **DENIED**.  It is further

**ORDERED**, that the Government's [222] Motion to Exclude References to Guo Wengui Prosecution is **GRANTED**.  Neither party may reference the Guo Case during the course of trial, although Defendant may discuss purported conduct by Guo during or before the charged conduct that Defendant considered in viewing Guo as a malign actor and, as such, came to believe that the

law did not require him to first register with the Attorney General before lobbying for Guo's extradition to the People's Republic of China.

**SO ORDERED**.

Dated: March 22, 2023

                                                  /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge