**KENNER LAW FIRM**
**DAVID KENNER, SBN 41425**
16633 VENTURA BLVD., STE. 735
ENCINO, CA  91436
PHONE: (818) 995-1195
FAX: (818) 475-5369
EMAIL: DAVID@KENNERLAW.COM

**ATTORNEY FOR DEFENDANT**
**PRAKAZREL MICHEL**

**ORAL ARGUMENT REQUESTED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 19-148-1 (CKK) |
| Plaintiffs, | **DEFENDANT'S MOTION TO REQUEST STATUTORY IMMUNITY FOR FRANK WHITE** |
| vs. | |
| | Time: |
| | Date: |
| PRAKAZREL MICHEL, *ET AL*. | Place: |
| Defendants. | The Honorable Colleen Kollar-Kotelly |

COMES NOW PRAKAZREL MICHEL, by and through counsel of record, and hereby files this motion to request statutory immunity for Mr. Frank White.

The motion is based on all the papers and records on file in this action and on such oral and documentary evidence as may be presented at the hearing on the motion.

///

///

///

- 1 -
DEFENDANT 'S MOTION TO REQUEST STATUTORY IMMUNITY FOR FRANK WHITE.

- 2 -

# I

# INTRODUCTION

On Friday, April 7th 2023 defense counsel received written notice from Mr. Frank White's counsel, Marc Mukasey, that if Mr. White is called to testify, he will plead the Fifth Amendment. Mr. Mukasey's contact information is Marc.Mukasey@mfsllp.com, phone (212) 466-6406.

This presents various issues for the court to resolve. As the defense has stated before, one of the primary theories of the defense on the election law counts is that President Obama's chief fundraiser, Frank White, was calling the shots and telling Mr. Michel what to do in regard to raising money for the campaign (March 31, 2023, *Trial Tran.* at 48).

Because of this, defense counsel at trial sought to have Special Agent Heuchling respond to questions about Frank White. The government objected, and the Court sustained the objection, effectively shutting down that line of questioning and agreeing with the government's position that the defense would need to obtain that testimony directly from Mr. White (March 31, 2023, *Trial Tran.* at 46-48). At the time, defense counsel pointed out that Mr. White may plead the Fifth Amendment if he is called as a witness, but the Court did not budge on preventing the defense from seeking answers from Special Agent Heuchling.

Now that the defense has confirmed that Mr. White will take the Fifth Amendment at trial, the Court must address several issues outlined below. The defense asks the government to grant statutory immunity to Mr. White so that the defense can effectively present evidence to support its theory of the defense. This is particularly critical since so many of the defense witnesses have already affirmatively stated that they will take the Fifth Amendment if called as witnesses. These witnesses include: (1) Robin Rosenzweig, Elliott Broidy's spouse and the owner of Colfax Law who was never charged with anything here even though she personally took a cut of money; (2) Nickie Lum Davis who the government has identified as a spy for the Chinese government without

- 2 -

DEFENDANT 'S MOTION TO REQUEST STATUTORY IMMUNITY FOR FRANK WHITE.

being forced by the Court to reveal classified information in its possession that may be exculpatory to the defense; (3) Barry Bekkedam, the business manager who stole $20M from Mr. Michel; (4) Joel Rousseau, who communicated directly with Jho Low about matters involving the 2012 elections.

Further, other defense witnesses such as Steve Wynn, who is evading service to avoid testifying about his role here, and Presidents Obama, Clinton and Trump, Rudy Giuliani, Chris Christie, and Jeh Johnson (all of whom the government moved to exclude from testifying) are now unavailable for the defense – a move by the government to nearly empty the cupboard of key witnesses that are critical to the defense. Because of this, it is absolutely necessary that the defense obtain the testimony of Frank White so that Mr. Michel can have a fair trial that comports with the Due Process Clause. If the government is not willing to grant statutory immunity to Frank White on his conduct from over ten years ago – conduct for which he cannot be prosecuted since the statute of limitations has expired – then the government should dismiss the 2012 election counts against Mr. Michel and if not, then in lieu of that, ***the Court should dismiss*** those counts for the reasons set forth below.

## II

## ARGUMENT AMD LEGAL ANALYSIS

The defense theory ***is not a "what about Frank White" defense***. The defense perceives that the Court assumes the defense is arguing something along the following lines: "Mr. Michel may be guilty but "what about Frank White?" This is decidedly not the defense theory.  So, in filing this motion, the defense is attempting to clarify precisely its theory as it relates to Frank White so that the Court may assess testimonial issues surrounding Frank White in the proper light.

///

A. **No Conspiracy to Funnel Money to Campaign**

First, the defense contends that there was no conspiracy with Jho Low to funnel money to the Obama campaign. Any money received through Jho Low's alleged proxy was intended to be pocketed by Mr. Michel and others for two reasons: (1) to get Jho Low the most expensive photo op ever, and (2) as a gift to further Mr. Michel's entertainment and philanthropic efforts (as stated in the gift letter provided by Eric Tan to Mr. Michel's accountant). It seems that neither the Court nor the government had asked why Jho Low, or his alleged proxy, paid over $20M in 2012 while only 8% of those funds ended-up in the hands of the Obama campaign. If the $20M was for the campaign, why did only a tiny fraction of it actually get paid to the campaign? Because there was no conspiracy with Jho Low to funnel his money to the Obama campaign. ***The money was for other reasons, and Frank White's testimony can verify that.***

B. **No criminal Intent**

Second, the defense contends that Mr. Michel did not form the criminal intent necessary to support a conviction on any of the election counts. Mr. Michel viewed Frank White as a mentor figure who could help him fundraise for the Obama campaign. White was Obama's chief fundraiser for the 2008 and 2012 campaigns. As set forth in more detail below, White knew of Jho Low's desire to get a photo op with President Obama and participated directly in that effort: (a) meeting in person with Jho Low before the Miami fundraising event; (b) attending Jho Low's birthday party in Las Vegas on the weekend before the election; (c) getting Jho Low into the White House for his photo op with President Obama and First Lady Michelle Obama; (d) and, later doing other favors for Jho Low (i.e., getting DiCaprio and team into the White House to present a copy of the *Wolf of Wall Street* film to President Obama).

Frank White knew that Mr. Michel was giving some of the money – Mr. Michel's own money – to friends so that they could attend a fundraiser. Mr. White not only approved of this but

- 4 -
DEFENDANT'S MOTION TO REQUEST STATUTORY IMMUNITY FOR FRANK WHITE.

encouraged it. With that sort of blessing from President Obama's chief fundraiser, Mr. Michel thought he was acting legally at all times and never formed the *mens rea* to commit a crime. He never knowingly or intentionally broke any law, and Mr. White's tutelage and encouragement is relevant to Mr. Michel's state of mind defense.

C. **Statutory Immunity**

Mr. Michel respectfully requests that the Court view Mr. Michel's defense theories as they are presented, and not as how the government may mischaracterize them at trial. The defense is entitled to pursue its theories of the defense, and to have the Court decide legal issues surrounding those defenses on those theories themselves, and not on some recharacterization of those defenses that are not patently viable.

If the defense is barred from obtaining testimony from Mr. White, the defense will be deprived of its primary defenses on the election law counts unless the government commits to providing statutory immunity to Mr. White under 18 U.S.C. § 6003. If the government refuses to do that, then the defense would move for dismissal of all election law counts in the indictment based on current relevant case law (across various circuits).

When Mr. White testified before the grand jury, he had a proffer agreement in-place that merely states that his truthful statements would not be used against him in any possible future criminal proceeding or sentencing (*See* DOJ-0002391958). This type of immunity is much narrower than the statutory immunity that the government could provide to him under 18 U.S.C. § 6003, and so long as Mr. White's immunity is something less than the statutory immunity provided for in §6003, then Mr. White can properly plead the Fifth, even as to matters to which he has testified before the grand jury. *See*, e.g. *Kastigar v. United States*, 406 U.S. 441, 462 (1972) (holding that statutory immunity provides the same protection to the witness as does the Fifth Amendment, indicating narrower immunity would permit a witness to plead the Fifth); *United States v. Rozin*,

No. 1:05-cr-139, 2007 WL 2407050 (S.D. Ohio Aug. 14, 2007) (explaining the difference between limited immunity under proffer agreement and broader immunity under 18 U.S.C. § 6003).

The defense recognizes that the Court does not have the power to compel the government to grant statutory immunity to Mr. White under § 6003. *See*, e.g., *United States v. Perkins*, 138 F.3d 421, 424 (D.C. Cir. 1998); *United States v. Heldt*, 668 F.2d 1238, 1282-83 (D.C. Cir. 1981). The government can deny statutory immunity to Frank White, but it does so at its own peril as there is no apparent reason why the government should not grant statutory immunity for conduct that occurred over 10 years ago. The statute of limitations expired long ago on any possible crimes arising from Mr. White's conduct that occurred over a decade past. The government's refusal to grant statutory immunity in the current context would strongly indicate that the government is engaged in gamesmanship that degrades the DOJ's mission to seek justice and fair trials. Why else would the government not grant statutory immunity for crimes it cannot prosecute?

If the government chooses to not grant statutory immunity, then the defense has the right to seek dismissal of the election counts, particularly when the primary theory of the defense hinges on the testimony of that witness. *See*, e.g. *United States v. Ebbers*, 458 F.3d 110, 118 (2d Cir. 2006); *United States v. Praetorius*, 622 F.2d 1054, 1064 (2d Cir. 1979); *United States v. Herman*, 589 F.2d 1191 (3d Cir. 1978).

The defense is prepared to brief that issue should the government refuse to grant statutory immunity to Mr. White but wants to first give an opportunity to the government to avoid that result – and so that Mr. Michel is provided a fair opportunity to defend himself in a manner consistent with the Due Process Clause.

Mr. White has now confirmed he will plead the Fifth, making him "unavailable" for purposes of FRE 804(1)(a). But reading the entirety of his grand jury testimony to the jury would be violative of Mr. Michel's right to confront witnesses against him. Allowing the defense to pick and

choose those pieces of the grand jury testimony that it chooses while denying the government any opportunity to choose additional sections of the testimony would mitigate some of the prejudice but would be an inadequate remedy to overcome the denial of Due Process to Mr. Michel because the government chose not to elicit testimony that would be exculpatory for Mr. Michel. Similarly, allowing defense counsel to have Agent Heuchling now answer questions that the Court before forbade would not be an adequate remedy and be confusing to the jury.

### III

### CONCLUSION

WHEREFORE, for the foregoing reasons, the defense requests that the prosecution grant statutory immunity to Mr. White or, in the alternative, agree to dismiss the election law counts against Mr. Michel if the denial of statutory immunity is more important to the government than getting a conviction on the election law counts. If the government chooses not to do either, then the defense would bring a motion to dismiss those counts on the grounds that Mr. Michel's rights under the Due Process Clause would be violated if he cannot elicit testimony from Mr. White.

When Mr. White testified before the grand jury, the government chose not to ask many questions of Frank White that would have elicited testimony that would have been exculpatory for Mr. Michel. The case presented to the grand jury, and now to the jury in this case, is all geared towards winning at all costs in a manner inconsistent with the pursuit of justice and fair trials.

The defense attorney's job is to represent his client zealously. The government attorney's job is different:  it is to seek justice and assure fair trials. The government may choose to not grant statutory immunity and can cloak that decision in apparent legitimacy for any number of reasons, but if it has greater concerns in play such as to deny Mr. Michel's primary theories of his defense on the election counts, then the government should dismiss the election law counts or the Court should do so.

- 7 -

Defendant's Motion to Request Statutory Immunity for Frank White.

DATED: April 9, 2023

Respectfully submitted,

**/s/ David Kenner**
David E. Kenner
Kenner Law Firm
16633 Ventura Blvd., Suite 735
Encino, CA 91436
(818) 995-1195
Email: david@kennerlaw.com
CA Bar No.: 41425
Counsel for Defendant

**/s/ Charles Haskell**
Charles R. Haskell
The Law Offices of Charles R. Haskell
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: Charles@CharlesHaskell.com
DC Bar No.: 888304007
Retained Counsel for the Defendant

- 8 -

DEFENDANT 'S MOTION TO REQUEST STATUTORY IMMUNITY FOR FRANK WHITE.

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that the foregoing is true and correct this 9th day of April 2023, at Washington D.C., and that this document is executed under penalty of perjury according to the laws of the United States of America.

_____
Charles R. Haskell
Attorney at Law