UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 19-148-1 (CKK) |
| | ) | |
| PRAKAZREL MICHEL (1), | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION REGARDING SCOPE OF
## <u>IMPLIED PRIVILEGE WAIVER</u>

The parties stipulate and agree that the scope of the implied privilege waiver, subject to the Stipulated Protective Order submitted to the Court this same date in this case and the limitations and requirements therein, shall be limited to the following information to the extent reasonably necessary to decide Mr. Michel's ineffective-assistance of counsel claims:

1.      Information reasonably necessary to decide whether Kenner used artificial intelligence to assist his preparations of the closing argument at trial, and what steps Kenner took to prepare for closing arguments, including any reasonable strategic reasons he made in determining what arguments to include. *See* Mr. Michel's Motion for New Trial, ECF No. 310 at 22-24.

2.      Information reasonably necessary to decide whether Kenner adequately familiarized himself with the charged statutes prior to trial such that his performance was constitutionally deficient as identified in Mr. Michel's Motion for New Trial, ECF No. 310 at 24-25.

3.      Information reasonably necessary to decide whether Kenner did not adequately understand the facts or allegations and/or outsourced trial preparations and strategy to contract attorneys prior to trial such that his performance was constitutionally deficient as identified in Mr. Michel's Motion for New Trial ECF No. 310 at 25-29.

4.      Information reasonably necessary to decide why Kenner did not move for severance of the alleged conduit scheme from the alleged FARA scheme prior to trial, as identified in Mr. Michel's Motion for New Trial at 29-32.

5.      Information reasonably necessary to decide why Kenner did not object to the scope of Special Agent Heuchling's testimony at trial, as identified in Mr. Michel's Motion for New Trial at 32-33.

6.      Information reasonably necessary to decide whether Kenner had a valid and reasonable strategic reason for his failure to object at trial to the testimony identified in Mr. Michel's Motion for New Trial, ECF No. 310, at 33–36.

7.      Information reasonably necessary to decide whether Kenner had a valid and reasonable strategic reason for his failure to object at trial to the introduction of communications between Mr. Michel and Higginbotham identified in Mr. Michel's Motion for New Trial, ECF No. 310 at 36-37.

8.     Information reasonably necessary to decide whether Kenner had a valid and reasonable strategic reason for his failure to object at trial to the introduction of evidence identified in Mr. Michel's Motion for New Trial, ECF No. 310, at 38–40.

9.     Information reasonably necessary to decide whether Kenner properly and adequately prepared Mr. Michel for his testimony at trial.

10.    Information reasonably necessary to decide why Kenner did not file a pretrial motion to dismiss Count 7 for failure to state an offense under Rule 12(b)(3)(B)(v).  *See* Mr. Michel's Reply in Support of Motion for Judgement of Acquittal, ECF No. 328 at 23-25.


Date: January 3, 2024

/s/ *John D. Keller*  
John D. Keller  
Principal Deputy Chief  
Criminal Division  
United States Department of Justice  
1301 New York Ave., NW  
Washington, DC 20530  
john.keller2@usdoj.gov

/s/*Peter R. Zeidenberg*  
Peter R. Zeidenberg  
ArentFox Schiff LLP  
1717 K Street NW  
Washington, DC 20006-5344