**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.

PRAKAZREL MICHEL,
        Defendant.

Criminal No. 19-148-1 (CKK)

**STIPULATED PROTECTIVE ORDER**
(January 5, 2024)

According to the parties' stipulation, **IT IS HEREBY ORDERED**:

1. The Defendant's former counsel, David Kenner, shall not be obligated to disclose any information to the Government notwithstanding any waiver, but to the extent he chooses to do so, he shall do so while maintaining any ethical obligations under relevant rules of professional conduct.  A copy of this Order shall be provided to Kenner through his counsel, who have noticed a limited appearance in this case.

2. The government has indicated that it will not seek or obtain potentially privileged documents from Kenner, and it may only seek information orally from Kenner.  To the extent the government decides that it may seek or obtain documentary or other tangible evidence from Kenner (or others who were on the defense team), it will notify the defense prior to doing so, and the parties shall meet and confer regarding the propriety of the potential disclosure.

3. The United States' use of the documentary and testimonial evidence and information from Kenner, including but not limited to information exchanged between the defendant and Kenner in confidence and/or that is or would otherwise be subject to the attorney-client privilege, attorney work product doctrine, the duty of confidentiality, and any other

recognized protection, is limited solely to the litigation of the Motion for New Trial portion relating directly to the defendant's ineffective assistance of counsel claims raised in this proceeding (the "IAC Claim"), any appeal from this proceeding but solely as it relates directly to the IAC Claim, and/or any collateral attack but solely as it relates directly to the IAC Claim, except that the United States may use otherwise privileged information obtained under this paragraph if the defendant hereafter commits perjury, or attempts to obstruct, or obstructs justice, in this proceeding, but solely in relation to the claim of perjury or obstruction of justice, and with prior notice to counsel for defendant so that the defendant has an opportunity to move for a protective order prior to such use.  The parties agree that no recusal, fruit of the poisonous tree, or *Kastigar*-like analysis applies to any derivative use of any records and/or information disclosed to the Government by the current defense team.

4. Any documents or information disclosed by Kenner to the Government pursuant to a court-ordered waiver shall remain confidential, shall not be disclosed by the Government to anyone who is not working on responding to the IAC Claim, and shall not be used for any purpose other than to respond to the IAC Claim.  The Government shall maintain an updated list of all such persons with access to the documents or information or any information derivative of such documents or information, and shall provide a copy of this Order to all such persons before they access such documents or information.

5. To the extent such documents or information need to be filed with the Court by the Government, they shall be filed by the Government under seal absent express written consent by the defendant, and they shall not be disclosed by the Government or a witness

2

for the Government in open Court except with prior notice to the Court and the defense so that the Court can seal the courtroom if appropriate.

6.   The Government shall not use such documents and information embraced by this order in any way other than to respond to the IAC Claim, and thus they shall not be used by the Government in, *inter alia*, responding to the motion for judgment of acquittal, during sentencing, on appeal (other than in responding to the ineffective assistance of counsel claim), during a retrial, or in any other investigation or prosecution.

7.   After this Court has adjudicated the IAC Claim, the Government shall promptly destroy all documents and information obtained in connection with this Order, and any documents or information that derives from such documents or information, including any work product that reflects such information.

8.   This Order shall apply to any documents, information, or testimony provided in connection with these proceedings from anyone who was a member of the defense team in this case, and not just to Kenner, to the same extent that it applies to Kenner and his documents, information, or testimony.

**SO ORDERED.**

Dated: January 5, 2024

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge