# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

PRAKAZREL MICHEL,

Defendant.

Criminal Action No. 19-148-1 (CKK)

## MEMORANDUM OPINION AND ORDER
(January 22, 2026)

Pending before this Court is Defendant Prakazrel Michel's [409] Motion for Bail Pending Appeal ("Def.'s Mot."); the Government's [410] Response to Defendant's Motion ("Govt. Opp'n"); and Defendant's [411] Reply in support of his Motion ("Def.'s Reply"). Upon review of the pleadings, the relevant legal authorities, and the record in this case, this Court **DENIES IN PART and GRANTS IN PART** Defendant Prakazrel Michel's Motion for Bail Pending Appeal.

## I. BACKGROUND

In this case, after a lengthy jury trial, Defendant Prakazrel Michel (hereinafter, "Defendant" or "Mr. Michel") was found guilty of the following ten offenses: (1) Conspiracy to Defraud the United States and to Make Illegal Foreign Conduit Contributions [Count 1]; (2) Concealment of Material Facts and Aiding and Abetting [Count 2]; (3) Making a False Entry in a Record and Aiding and Abetting [Counts 3 and 4]; (4) Witness Tampering and Aiding and Abetting [Counts 5 and 6]; (5) Conspiracy to Serve as an Unregistered Agent of a Foreign Principal and a Foreign Government and to Commit Money Laundering [Count 7]; (6) Acting as an Unregistered Agent of a Foreign Principal and Aiding and Abetting [Count 8]; (7) Acting as an Agent of a Foreign Government and Aiding and Abetting [Count 10]; and (8) Conspiracy to Make False Statements

1

to Banks [Count 12]. Verdict Form, ECF No. 273. After trial, Defendant filed numerous post-trial motions, all of which have been resolved by this Court. *See, e.g.*, Order and Memorandum Opinion denying Motion for Judgment of Acquittal, ECF Nos. 354, 355; Order and Memorandum Opinion (public, redacted) denying Motion for a New Trial, ECF Nos. 370, 371 (issued after holding an evidentiary hearing), all of which are incorporated by reference herein. On November 20, 2025, Mr. Michel was sentenced to 168 months in prison, and his Judgment provides for a report date no earlier than January 27, 2026.

Mr. Michel moves now for release from custody pending his appeal to the Court of Appeals for the District of Columbia Circuit ("Court of Appeals") filed on December 4, 2025. *See* Notice of Appeal, ECF No. 407. Defendant's Motion has been fully briefed and is ripe for resolution by this Court.[1]

## II. DISCUSSION

Defendant proceeds pursuant to 18 U.S.C. §1343(b), which sets the statutory standard for being released on bond pending appeal. The defendant bears the burden of satisfying the statutory elements. *Morrison v. United States*, 486 U.S. 1306, 1306-07 (1988).

### A. No Risk of Flight or Danger to the Community

The first prong of the standard set forth in 18 U.S.C. §1343(b) requires that the Court find "by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. §1343(b)(1)(A). In this case, Defendant proffers that "has no prior record, he is not a flight risk, [and] he does not pose a danger to the community[.]" Def.'s Mot., ECF No. 409, at 1. The Government does not contest

---

[1] In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCrR 47(f).

Defendant's assertions that Mr. Michel is neither a flight risk nor a danger to the community. And, in fact, since Mr. Michel's arrest on May 10, 2029, he has been released on personal recognizance and he has complied with the conditions of his release. Furthermore, at sentencing, he was given a delayed date to report to the Bureau of Prisons. Accordingly, the Court finds that Mr. Michel is not a flight risk or danger to the community, and this Opinion focuses on the second prong of 18 U.S.C. §1343(b).

### B. Appeal Not for the Purpose of Delay

The second prong of the standard set forth in 18 U.S.C. §1343(b) requires a showing that "the appeal is not for the purpose of delay" and that it "raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. §1343(b)(1)(B).

Defendant asserts that this requirement is satisfied because his appeal is "not for purposes of delay" and it "raises substantial questions that, if decided in his favor, would result in a new trial, reversal of convictions, or a reduced sentence." Def.'s Mot., ECF No. 409, at 1. The Government does not dispute that the appeal is not brought for purposes of delay, but the Government disagrees that Defendant satisfies the remainder of that second prong. The Court turns now to the issue of whether the appeal raises a "substantial question."

### C. Does the Appeal Raise a Substantial Question

The Government explains that Defendant "cannot meet his burden to rebut the applicable presumption of detention," because in support thereof, Defendant reiterates "arguments that already have been litigated extensively through post-trial motions and hearings and which this

Court has rejected categorically, across the board." Govt. Opp'n, ECF No. 410, at 1.[2]  This Court agrees with the Government that <u>each</u> of the arguments presented by Defendant in his instant Motion has been extensively briefed and litigated previously as part of the post-trial motions and hearings in this case, and each argument was extensively analyzed and ultimately denied by this Court in two lengthy and comprehensive opinions.  *See* Order and Memorandum Opinion denying Motion for Judgment of Acquittal, ECF Nos. 354, 355; Order and Memorandum Opinion (public, redacted) denying Motion for a New Trial, ECF Nos. 370, 371.

In his Reply, Defendant turns the Government's argument on its head and asserts that the Government's Opposition "amounts to a high-level summary of the District Court's rulings denying Michel's arguments when presented in his New Trial Motion and Motion for Judgment of Acquittal," which not only "fail[s] to rebut Michel's arguments" but also "reinforces the substantiality of the questions[.]"  *See* Def.'s Reply, ECF No. 411, at 2.  Defendant's reasoning is flawed in two respects.  First, because Defendant raises the same arguments that were raised in the context of his motions for acquittal and motion for a new trial, the Court finds that the Government's reliance on its prior arguments in opposition to those motions, and on this Court's two opinions –which denied Defendant's' arguments – <u>is</u> an adequate response and rebuttal to those arguments.

Second, regarding "substantiality," the United States District Court for the District of Columbia Circuit ("D.C. Circuit") has defined a "substantial question" as "a close question or one that very well could be decided the other way."  *United States v. Perholtz*, 836 F.2d 554, 555-56

---

[2] In addressing each of Defendant's arguments, "for the sake of brevity and efficiency," the Government "relie[d] upon and incorporate[d] its arguments in opposition to the defendant's motion for a new trial and judgment of acquittal" as well as the Court's orders and opinions denying those motions. Govt. Opp'n, ECF No. 410, at 3-4.

(D.C. Cir. 1987) (internal quotation marks omitted). The standard is one that is "more demanding" than one that merely requires the issue to be "fairly debatable" or "not frivolous." *United States v. Libby*, 498 F. Supp. 2d 1, 4 & n.5 (D.D.C. 2007).

### 1. Substantiality is a Two-Part Inquiry

Substantiality "requires a two-part inquiry: (1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal?" *Perholtz*, 836 F.2d at 555. A defendant sentenced to prison terms on multiple counts of conviction "cannot be released unless the appeal raises a substantial question likely to result in reversal of all counts on which imprisonment is imposed." *Perholtz*, 836 F.2d at 557; *see e.g. United States v. Dale*, 223 F.2d 181, 183 (7th Cir. 1955) ("As the sentences imposed [were] to run concurrently the burden was upon petitioner to show error as to each count.") In this case, Defendant was convicted on ten counts, and he received a sentence of "concurrent terms of 60 months (5 years) on each of Counts 1s, 2s, 7s, 8s, and 12s; 168 months (14 years) on each of Counts 3s, 4s, 5s, and 6s; and 120 months (10 years) on Count 10s, for a total term of 168 months (14 years)." Judgment, ECF No. 405, at 3. The Court notes that while some of Defendant's arguments are specific to certain counts, others encompass all counts.

Accordingly, assuming *arguendo* that the issues raised by Mr. Michel on appeal raise a substantial question of law or fact, the standard requires Defendant to establish also that this substantial question of law or fact is "likely to result" in reversal, a new trial, a sentence with no term of imprisonment, or a reduced sentence (which in this case would be for less than the expected duration of the appeal process since Defendant has served no time).

**a. Likely to Result in Reversal, a New Trial, a Sentence with No Imprisonment, or a Reduced Sentence**

As noted repeatedly herein, and as set forth in a summary manner in the Government's Opposition, this Court has already analyzed in detail each of the arguments proffered by Defendant in support of his release pending appeal, in the context of its opinions issued in connection with Defendant's motions for acquittal and for a new trial. In addition to exhaustively addressing each claim made by Defendant, the Court extensively discussed the weight and sufficiency of the evidence produced by the Government, which rebutted Defendant's claims.

At the conclusion of its opinion denying Mr. Michel's motion for judgment of acquittal, this Court noted that "[it] has thoroughly reviewed the extensive evidence presented at trial and finds the evidence sufficient to withstand a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29." Mem. Op., ECF No. 355, at 53. Similarly, at the conclusion of its opinion denying Mr. Michel's motion for a new trial, the Court – in discussing "the fourteen (14) asserted errors Michel raises in his Motion" (and three (3) that could be evaluated cumulatively) – indicated that:

> The Government's evidence in this case was strong and voluminous. Its case-in-chief ran for approximately three (3) weeks, beginning on March 30, 2023 and concluding on April 17, 2023. The Government's evidence consisted of, *inter alia*, incriminating documents, financial transactions, email and text communications, as well as testimony from several witnesses —including two (2) key co-conspirators (Higginbotham and Brody)—and Michel himself; all of which corroborated the Government's charges. In all, the evidence neutralized any prejudicial effect on the verdict in this case. Accordingly, viewed cumulatively, Michel has not shown that a "serious miscarriage of justice" has occurred or that he was denied a fair trial. In sum, any purported errors that occurred during his trial do not warrant the reversal of Michel's conviction and a new trial. *See Miller*, 738 F.3d at 387-98 (considering the cumulative effect of the errors and the strength of the evidence presented at trial).

Mem. Op., ECF No. 271, at 76-77.

Accordingly, this Court has already opined that the issues raised by Defendant do not

warrant an acquittal or a new trial, particularly considering the overwhelming weight of the evidence against him. Defendant's reiteration of the same arguments do not change this Court's mind. Nor does this Court find that, in the interest of judicial efficiency, there is a need to reiterate its findings. This Court cannot conclude that Defendant's "substantial questions" are likely to result in reversal, a new trial, a sentence with no imprisonment, or a sentence that will be less than any time served by Mr. Michel while awaiting resolution of his appeal. Accordingly, the Court finds that Mr. Michel fails to satisfy the requirements of 18 U.S.C. §1343(b), and his request for release pending appeal is denied.

Defendant has, however, requested alternative relief, as follows: "If the Court denies Michel's request for bail pending appeal, . . . , Michel respectfully requests that the Court postpone his surrender date until after . . . the D.C. Circuit decides his request for bail pending appeal." Def.'s Mot., ECF No. 409, at 42. In response thereto, the Government indicates that it has "no objection to a short delay of the defendant's surrender date to permit for orderly bail litigation in the court of appeals." Govt. Opp'n, ECF No. 410, at 10 n.3. The Court agrees that this unopposed proposal makes sense.

Accordingly, it is this 22nd day of January 2026,

ORDERED that Defendant's [409] Motion for Bail Pending Appeal is DENIED IN PART and GRANTED IN PART. The Court DENIES Defendant's request for release pending appeal, as he fails to satisfy the requirements of 18 U.S.C. §1343(b). The Court GRANTS Mr. Michel's unopposed request for a postponement of his report date to provide time for the D.C. Circuit to rule on Defendant's request for release pending appeal. Mr. Michel's current report date of "no earlier than January 27, 2026" is continued to "no earlier than March 30, 2026." The Court notes that Defendant is required to take affirmative action to pursue this issue with the D.C. Circuit, and

if he does not, no further extension of his report date will be considered.

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE